## ASCHENBECK v. ASCHENBECK.
### No. 7864.

Court of Civil Appeals of Texas. Austin.
May 24, 1933.

Appellant's Motion for Rehearing Overruled
June 14, 1933.

Appellee's Motion for Rehearing Overruled
June 21, 1933.

William O. Bowers, Jr., of Beaumont, for appellant.

Simmang & Simmang, of Giddings, and E. A. Camp, of Rockdale, for appellee.

BAUGH, Justice.

Otto Aschenbeck is the adopted son of George Aschenbeck and wife, Frieda Aschenbeck. Frieda Aschenbeck died on January 27, 1931. Her husband offered for probate her will, alleged to have been lost, stolen, or destroyed, probate of which was contested by Otto Aschenbeck and denied by the county

court of Lee county. Appeal was had to the district court, and, after a trial upon special issues to a jury, the will was admitted to probate; from which judgment the contestant has appealed.

No issue was made as to the execution of such will by the deceased on or about January 29, 1918; nor as to her testamentary capacity. Nor are the terms of the will, devising all of her property to her husband, proponent of the will, and his appointment as independent executor without bond, here questioned. After her death, the will could not be found. Two issues were submitted to the jury, which read as follows:

"Special Issue No. 1: Do you believe from a preponderance of the testimony that the will of Mrs. Frieda Aschenbeck mentioned in the testimony was destroyed by her?"

"Special Issue No. 2: Do you believe from a preponderance of the testimony that the said Mrs. Frieda Aschenbeck caused said will to be destroyed in her presence?"

Both questions were answered "No."

Appellant predicates his appeal upon five contentions, first of which is that said will was in the possession of testatrix, or where she had access to it, and, not being found after her death, the presumption is that she destroyed same, or caused its destruction, with intent to revoke it, and that the burden was upon the proponent to overcome this presumption by proof that it was actually fraudulently destroyed; that the issues submitted to the jury should have been whether they believed from a preponderance of the evidence that she did not destroy said will, or cause its destruction in her presence animo revocandi.

■ Article 3348, R. S. 1925, prescribes the proof required to entitle a will to probate, one essential being that it has not been revoked by the testator, and article 8285 prescribes the manner in which a will may be revoked, and the manner of revocation of a valid will prescribed in said article is exclusive. Morgan v. Davenport, 60 Tex. 230; Brackenridge v. Roberts, 114 Tex. 418, 267 S. W. 244, 270 S. W. 1001; Sien v. Beitel (Tex. Civ. App.) 289 S. W. 1057. The general and recognized rule is that, where such will was in the possession of the testator or where he had ready access to it when last seen, failure to produce it after his death, raises the presumption that the testator has destroyed it with intention to revoke it, and the burden is cast upon the proponent to prove the contrary. Shepherd v. Stearns (Tex. Civ. App.) 45 S.W. (2d) 246; Brackenridge v. Roberts, 114 Tex. 418, 267 S. W. 244, 270 S. W. 1001; McIntosh v. Moore, 22 Tex. Civ. App. 22, 53 S. W. 611. Such a presumption does not obtain, however, when the will has been in the possession of some other person than the testator. McElroy v. Phink, 97 Tex. 155, 76 S. W. 753, 77 S. W. 1025. In the instant case the uncontroverted evidence was that the will was placed in the possession and custody of the proponent, who was the beneficiary under it, and that he kept same in a locked safe or wardrobe at their home. Appellee testified that he had possession of the key; and there is no testimony that the deceased had access to it. The will was last seen by the proponent in the place where he kept it about two months before his wife died. There is no evidence that she had access to it other than that the safe or wardrobe was situated in the room where she for some eight or nine months prior to her death was continuously paralyzed and unable to leave her bed. Nor is there any evidence that she ever expressed or indicated any intention or desire to change or revoke said will. Under such circumstances, and the holding in McElroy v. Phink, we think the presumption insisted upon by appellant does not obtain, and that it was not error for the court to submit the issues affirmatively as was done, and, further, that the facts and circumstances shown were sufficient to sustain the jury findings that Mrs. Aschenbeck had not revoked such will. The general rule is that, when execution of a valid will is shown, a clear intent to revoke it must be shown, in order to deny its probate. 28 R. C. L. § 125, p. 169; Annotations in 62 A. L. R. 1367.

■ Appellant's second contention, based upon his fourth assignment of error, raises the question as to whether the proof showed as a matter of law that the will was executed "with the formalities and solemnities and under the circumstances required by law to make it a valid will." Subdivision 4, art. 3348, R. S. Article 8283, R. S., provides that such wills must be signed by the testator, or by some one authorized to sign for him, and, if not wholly written by such testator, must be attested by two or more credible witnesses subscribing in the presence of the testator. It has been held that, where the proof required by the statute cannot be made by the subscribing witnesses, due execution of a will may be established by other evidence. Hopf v. State, 72 Tex. 281, 10 S. W. 589. But this does not authorize such other proof to be resorted to unless it be first shown that proof by the subscribing witnesses cannot be made. In the instant case, the sworn application of the proponent alleged that the missing will of Mrs. Aschenbeck was witnessed by Henry Knobloch, August Birnbaum, and Dr. H. G. Hertel. Only Knobloch was called as a witness. He testified that he and Birnbaum signed as witnesses, but that he did not see testatrix sign it. He did not state whether or not the will was signed by the testatrix before he attested it as a witness. Neither Birnbaum nor Hertel testified, and their failure to do so was in no wise accounted for. Wachsman, who drew the will, testified that Dr. Hertel did not sign as a witness. Appel-

lee, who was the beneficiary, was present when the will was executed, and testified that Dr. Hertel did sign the will as a witness. Wachsman testified that he thought he had signed it himself as a witness, but was not positive. There was no proof as to attestation clause, if any, nor of the recitals thereof. In brief only two witnesses, Knobloch and Birnbaum, were shown without contradiction to have witnessed the will. Only one of these testified, and that witness that he did not see the testatrix sign. Absence of the other is not accounted for, nor is the failure of Dr. Hertel to testify in any manner excused. Neither was shown to have been dead or out of the county at the time.

While other evidence, secondary in character, was perhaps sufficient to prove due execution of the will, it was the duty of the proponent to produce primary evidence of such execution or show that such evidence could not be produced. Proof by the witnesses to the will themselves was, of course, the proper method of doing so. In Kveton v. Keding (Tex. Civ. App.) 286 S. W. 673, 676, it was held that to entitle a will to probate it must be shown by competent proof that the testator signed it before the witnesses who signed to attest such signature. And this must be done by the witnesses to the will, or their absence or failure to make such proof duly accounted for, before secondary evidence of such facts can be offered. Elwell v. Universalist Gen. Convention, 76 Tex. 521, 13 S. W. 552; Jones v. Steinle (Tex. Civ. App.) 15 S.W.(2d) 164; Wilson v. Paulus (Tex. Com. App.) 15 S.W.(2d) 571, 573. And this rule is particularly applicable in the instant case because the will itself was not produced and the evidence was conflicting as to who the attesting witnesses were. We think, therefore, that the proponent did not meet the burden imposed upon him by articles 3344, 3345, 3348, and 3349, of the Rev. Stats.

It is unnecessary to discuss appellant's next contention with reference to testimony of the proponent which the jury were instructed not to consider. The error, if any, need not occur upon another trial. Nor do we think it was proper to introduce in evidence what appellee had given to their adopted son, appellant here, prior to the death of the testatrix, or whether appellee knew that a lost or destroyed will could be probated. None of these matters could have any bearing upon the only issues involved, and could only tend to confuse the minds of the jurors or to create a prejudice against the appellant. Such testimony should be excluded upon another trial.

The next error assigned relates to argument of counsel for appellee to the jury claimed to be inflammatory and prejudicial. This contention is sustained. The arguments made by appellee's attorneys to the jury, as shown by the bills of exception, without discussing them separately, were as follows:

"This fellow (referring to appellant) was not of his blood"; and again as "going and demanding his pound of flesh three days after Mrs. Aschenbeck is dead"; further that "it was up to Otto (appellant) to show that she destroyed the will"; and, addressing the appellant, "Why didn't you go on the stand and tell where the will was; that you got it; that your wife got it."

It was admitted that appellant was the legally adopted son, and as such an heir of the deceased. There was no evidence that he had demanded anything immediately after the death of Mrs. Aschenbeck. He had some time thereafter filed a partition suit against appellee for his foster mother's interest in the community, which suit was filed before any will was offered for probate. Nor was there any evidence that appellant ever knew of the existence of such will or that he had any opportunity to destroy it. The burden was not upon him to show that it had been destroyed, but upon appellee to account for his failure to produce it. Clearly, we think such arguments were improper and were calculated to prejudice the minds of the jury against him as a contestant. Certainly it does not affirmatively appear that such improper arguments were not injurious to him. Parker v. Miller (Tex. Com. App.) 268 S. W. 726; Missouri-Kansas-Texas R. Co. v. Thomason (Tex. Civ. App.) 3 S.W.(2d) 106; Guardian Securities Corp. v. Mahoney (Tex. Civ. App.) 49 S. W.(2d) 963; 3 Tex. Jur., § 883, p. 1260.

For the reasons stated, the judgment of the trial court must be reversed, and the cause remanded for another trial.

Reversed and remanded.

### On Motion for Rehearing.

In his motion for rehearing, appellee complains of our holding inadmissible the testimony complained of. On the issue of revocation, the testimony that appellee did not know a lost will could be probated would ordinarily have no bearing. It appears, however, that, under his denial that his foster mother had executed any will, appellant's attorney, for the purpose we presume of impeaching his testimony, interrogated appellee as to why he had not mentioned such will, after the death of the testatrix and while appellant was seeking a partition of the community property on the theory that she had died intestate. That being true, and the appellant himself having gone into the matter, the appellee was entitled to explain his silence on the subject and to give his reasons therefor.

The other testimony questioned related to gifts and expenditures by appellee and his wife during her lifetime to and on behalf of appellant. It appears, however, that appellant himself sought to show prior animosity and friction between appellee and his deceased wife as a reason or motive for the deceased to revoke said will. In rebuttal of

such proof, we have concluded also, upon a reconsideration of this question, that appellee should have been permitted to show that he and his wife had already made large contributions to their adopted son out of their community estate, as negativing any motive of testatrix to revoke her will so that such revocation might additionally inure to the benefit of appellant as an heir to her community estate. To this extent and for this purpose we think such testimony was admissible.

To this extent appellee's motion is granted and our opinion modified accordingly. In all other respects, the motion is overruled.

Granted in part, and in part overruled.