**D. A. TINNEY, Appellant,**

v.

**Cora B. CARPENTER et vir, Appellees.**

**No. 11107.**

Court of Civil Appeals of Texas.

Austin.

June 26, 1963.

Rehearing Denied July 17, 1963.

Lee & Lee, Mason, for appellant.

Beard, Kultgen & Beard, Waco, for appellees.

HUGHES, Justice.

This is a "lost" will case. The decedent is W. I. Tinney, who died February 19, 1959, while domiciled in Cherokee, San Saba County. Surviving him were his wife, Mrs. Frankie Tinney, their four children, Mrs. Cora B. Carpenter, Clifton Arthur Tinney, D. A. (Dorr) Tinney and Thomas Milton Tinney.

On June 18, 1959, Mrs. Frankie Tinney filed an application in the County Court of San Saba County to probate the will of her husband in which she alleged:

"That said will was lost or destroyed after the same was *duely* executed by deceased and your petitioner.

"5. That the contents of said will, as far as known are as follows, to wit; that said will was signed by the deceased and your petitioner and all of the property of each of them, real, personal and mixed was left to the survivor, and that under said will, the survivor, was to be executor or executrix as the case might be, and to act in that capacity without bond.

"6. That said will was dated on the 15th day of Dec., 1955, and was executed in the presence of Johnson Kuykendall and his wife, Cloma Kuykendall, credible witnesses above the age of fourteen years of age who subscribed their names thereto as witnesses in the presence of said testator."

This will was probated by the County Court on June 29, 1959, in an uncontested proceeding.

The probate of such will was based upon, as the record shows, the testimony of the subscribing witnesses, which is formal and does not pertain to the contents of the will, and affidavits of Mrs. Frankie Tinney and R. E. Gray. We quote first from the affidavit of Mrs. Tinney:

"That after said will was signed by affiant and her husband, W. I. Tinney, and the attesting witnesses as aforesaid the will was placed in a lock box in the City National Bank of San Saba,

Texas, and that after the death of the said W. I. Tinney this affiant had the box opened and said will was not included therein and that the same was stolen, misplaced or lost. That affiant has made a diligent search for the same and said will cannot be found. That in said lock box was the empty envelope addressed to affiant from R. E. Gray an attorney at law of San Saba, Texas, and affiant further says that the last time she saw such will it was in said envelope.

"That said will was signed by affiant and the said W. I. Tinney, deceased, and provided that the survivor would be vested and have title to all of the property of the deceased, real, personal and mixed, and that said survivor be appointed testator or testatrix as the case might be, and to serve in such capacity without bond."

From the affidavit of R. E. Gray, we quote:

"that on or about the 13th day of Dec., 1955, he drew a mutual will for W. I. Tinney, and wife, Frankie Tinney and forwarded the same to them at Cherokee, Texas, and at the time the said will was drawn that both testator and testatrix were over twenty one years of age and were of sound mind. That said will provided for the survivor to have all of the property, real, personal and mixed and that said survivor be appointed executor or executrix as the case might be and to serve in such capacity without bond."

On June 24, 1961, Cora B. Carpenter filed a contest in the County Court of the will of W. I. Tinney, previously probated by it, alleging that the will as probated was not the will of W. I. Tinney, and in the alternative that such will had been revoked by W. I. Tinney prior to his death. This application is not in the record.

On January 18, 1962, the County Court entered a judgment setting aside and cancelling the order of June 29, 1959, by which the will of W. I. Tinney was admitted to probate, finding that such will had been revoked prior to the death of W. I. Tinney. An appeal from this judgment was taken by Cora B. Carpenter to the District Court of San Saba County.

In the District Court Cora B. Carpenter alleged that the will of W. I. Tinney was, "a joint will signed by W. I. Tinney and Frances or Frankie Tinney; that it provided that at the death of either of them, all of their property should go to the survivor for life, and that at the death of the survivor, the said property should be distributed among Cora Carpenter, Thomas Milton Tinney, D. A. Tinney, and Clifton A. Tinney, share and share alike, * * *"

She also alleged that such "will cannot be produced for the reason that same has been lost."

In addition this allegation of estoppel was made:

"Your petitioners would further show the Court that the heirs, devisees and executor of Frances Tinney are estopped to make any claim adverse from or differing from the provisions of the will of December 15, 1955, by virtue of the fact that Frances Tinney in Cause No. 1570, In The Estate of W. I. Tinney, In The County Court of San Saba County, Texas, swore that said will had not been revoked insofar as she knew and that same had been stolen, misplaced or lost."

In the alternative Mrs. Carpenter alleged that the will of W. I. Tinney "was revoked prior to his death." She prayed that the will of W. I. Tinney, as she alleged it to be, be probated.

D. A. Tinney and Thomas Milton Tinney answered the petition of Mrs. Carpenter by alleging that W. I. Tinney revoked the will prior to his death, and in the alternative, that the will originally probated by the County Court was the will of W. I. Tinney.

This cause was tried to a jury which found: (a) That W. I. Tinney did not destroy his will with intent to revoke it. (b) That such will provided that upon the death of the survivor of W. I. and Frankie Tinney their properties should go to their four children, share and share alike.

This verdict was received and judgment consistent with it was rendered.

The primary contention of appellant D. A. Tinney is that there is no evidence to sustain the finding of the jury that W. I. Tinney did not destroy his will with revocatory intent. We agree with appellant.

The law to be applied is correctly stated by the Amarillo Court of Civil Appeals in Bailey v. Bailey, 171 S.W.2d 162, as follows:

"The law is well established in this State, as well as in almost every jurisdiction in this country, that in a proceeding to probate a will, where it is shown that it was executed by the decedent and when last seen or accounted for, it was in his possession or in a place to which he had ready access but after his death it can not be found, the presumption arises that the testator destroyed it in his lifetime with the intention of revoking it. The presumption that it was revoked by the testator stands in the place of positive proof to that effect and he who seeks to establish the will assumes the burden of overcoming the presumption by producing facts and circumstances contrary thereto or that it was fraudulently destroyed by some other person."

Revocation of a will by destruction of it by the testator is expressly authorized by statute. Sec. 63, Texas Probate Code, V.A.C.S.

Mr. Clay Kuykendall testified by deposition that he was an officer of the City National Bank of San Saba; that he knew W. I. Tinney and that at the time of his death he had a safe deposit box in the bank. He testified that Mrs. Frankie Tinney also had access to the deposit box. The bank records show that Mrs. Frankie Tinney signed a card requesting admission to the deposit box on June 21, 1957, October 31, 1958 and on April 18, 1959. These records also show that W. I. Tinney entered the deposit box on July 17, 1957.

This witness testified that he did not know whether the will in question had been deposited in the bank box. He did state that Mrs. Frankie Tinney "came in and told me the will was gone, and asked me what became of it. I was not able to tell her."

Mrs. Frankie Tinney was deceased at the time of this trial. Her testimony given in the probate court was admitted in evidence, most of which has been set out above. She testified that the will, after its execution, was placed in the bank lock box and that after the death of Mr. Tinney she opened the lock box and the will was not in it. She further testified that after diligent search such will could not be found and that it was "stolen, misplaced or lost."

The last time Mrs. Tinney saw this will it was in the empty envelope which was addressed to her from R. E. Gray, the empty envelope being found in the bank lock box.

■ The testimony of Mrs. Tinney precludes any inference that she removed the will from the bank box or that she lost or destroyed it. Since Mrs. Tinney testified that the will left everything to her, it would have been against her interest to destroy it. No presumption that she destroyed it can thus be indulged.

■ The will, as Mrs. Tinney testified, was last seen in the bank box in the envelope, the bank box being under the control of Mr. Tinney and herself and accessible to them. It is our opinion that the presumption arising from these circumstances, and

applicable only to Mr. Tinney,[1] is not overcome by the statement of Mrs. Tinney that the will was "stolen, misplaced, or lost." This statement is in the alternative and does not constitute a positive declaration that any one of the events was true. It was obviously based upon a lack of knowledge of the witness as to the fate of the will. This is fortified by her inquiry of Banker Kuykendall as to the whereabouts of the will. This inquiry would certainly not have been made had Mrs. Tinney known what happened to the will.

In American Jurisprudence 2d, Vol. 3, p. 401, it is stated that, " * * * an affidavit which alleges alternatively that one or another ground exists does not definitely allege the existence of either ground * * *"

The statement that a document was misplaced or lost carries the same connotation, but when it is coupled with the statement that it was stolen, it is obvious that the declarant is guessing and is not speaking with knowledge.

■ It is our opinion also that the doctrine of judicial estoppel is inapplicable to appellants, and is insufficiently supported.

Mrs. Tinney was a mere witness in the probate proceedings. She was interested in the probate of the will, but she had no rights under it until the will was probated. She did not then speak for or represent anyone but herself. Her statements, or testimony, could not judicially estop the children of the decedent. They are not here claiming under their mother. They were, of course, bound by the probate judgment until it was vacated, because they were parties to the proceedings.

The insufficiency of the affidavit has been discussed. In our opinion it is not a sworn positive statement of fact or made with the knowledge sufficient to form the basis of judicial estoppel. See West v. Carpenter, 366 S.W.2d 826, Amarillo Civil Appeals, and authorities therein cited, also see 22 Tex.Jur.2d, Estoppel, Sec. 20, p. 691.

The judgment of the Trial Court is reversed and judgment is here rendered denying probate of the proffered will of W. I. Tinney, deceased, dated December 15, 1955.

Reversed and rendered.

---

1. While not requisite to the validity of this presumption, the record here augments its verity by evidence showing that after the will was executed friction and discord of a serious nature developed between Mr. and Mrs. Tinney.