Johnny DODD, Appellant,

v.

The PEOPLES NATIONAL BANK, Guardian of the Estate of Cathy D. Baker, a minor, Appellee.

No. 7547.

Court of Civil Appeals of Texas.

Texarkana.

Feb. 11, 1964.

J. Byron Saunders, Tyler, for appellant.

John Minton, Spruiell, Lowry, Potter, Lasater & Guinn, Tyler, for appellee.

FANNING, Justice.

Appellant's statement of the nature of the case, adopted by appellee, is quoted from appellant's brief as follows:

"This is an Appeal from a Judgment from the 114th Judicial District Court of Smith County, Texas, wherein the trial Court withdrew the case from the consideration of the jury and denied the probate of a lost Will. The Appellant was named Executor in the Will and a carbon copy of said Will

was secured by Appellant from the Honorable Harry Haigler, an attorney who drew the Will, and attempted to probate the same in the County Court of Smith County, Texas, which probate thereof was denied by the County Judge. On Appeal to the 114th Judicial District Court of Smith County, Texas, and after submission of all testimony as to the execution of the original Will by one of the attesting witnesses and other testimony, including the introduction of said carbon copy, the District Judge withdrew said case from the consideration of the jury, denied the probate thereof and dismissed the jury, from which action of the Court this appeal is being taken."

Appellant presents a single point of error on appeal which reads as follows:

· "The error of the trial court in refusing to submit to the jury the determination as to whether or not the carbon copy of the Will attempting to be probated has been revoked."

We further quote in part from appellant's brief as follows: "The sole and only question in this case is whether or not the Proponents of the lost Will, whereby the carbon copy of same was offered, were entitled to a jury determination as to whether or not the original Will has been revoked. The facts and testimony offerred are fully set out in the Statement of Facts filed with this appeal but briefly may be summarized as follows: Archie D. Beaty, a wrecking yard operator and resident of Tyler, Smith County, Texas, had been previously married to one, Jerry Beaty, and that during that marriage, the decedent had adopted Cathy D. Beaty, the natural daughter of his, then, wife. Archie D. Beaty and Jerry Beaty were subsequently divorced in 1959 and Archie D. Beaty was subsequently killed February 16, 1963 in an automobile accident in Smith County, Texas, in which accident one of the attesting witnesses to the lost Will was,

likewise, killed. The Will, a carbon copy of which was offerred, was executed December 20, 1962, and when last seen, the Will was executed with all of the formalities required by law and was in a coat pocket of the decedent. No Will was found after his death. The testimony offerred, as can be seen from the Statement of Facts, was by the Honorable Harry Haigler, the attorney who drew the Will, Joe E. Wilson, one of the attesting witnesses to the Will, and several witnesses showing motive for the execution of the Will as drawn and statements by the decedent as to its being in existence together with suspicious circumstances which could have accounted for its disappearance. The last witness who heard the decedent mention the Will was one, Marion Sams, an employee of the decedent, who talked to him approximately two hours prior to Mr. Beaty's death. The carbon copy of the Will was contested by the Appellee, as Guardian of the adopted daughter, for the reason that if Archie D. Beaty died intestate, his Estate would pass and vest in said adopted daughter but if the carbon copy of the Will were allowed to be probated, then his Estate would pass by the Will to his sister, Katherine French, who is now Administratrix of his Estate."

After the Will was executed it was delivered to Mr. Beaty, the decedent. It is also clear that the Will of the deceased was last seen in his possession, in his coat pocket at his home at his wrecking yard near Tyler. The decedent died nearly two months after the execution of his Will, and after his death upon immediate, diligent and extensive search, no Will of decedent was found, either in his home, place of business, automobile, on his person, in his lock box in his Tyler Bank, or in any other place. There was no testimony offered that it had been last seen in the possession of anyone other than the decedent.

The carbon copy of the Will was not signed by decedent or any attesting witnesses. Only the original Will was executed and no duplicate Will was executed,

and as above stated, the original Will, the only executed Will, was never found and was last seen in the possession of decedent.

■ The law applicable to the case at bar is correctly stated by the Amarillo Court of Civil Appeals in Bailey v. Bailey, 171 S.W.2d 162. We quote from the Bailey case in part as follows:

"The law is well established in this State, as well as in almost every jurisdiction in this country, that in a proceeding to probate a will, where it is shown that it was executed by the decedent and when last seen or accounted for, it was in his possession or in a place to which he had ready access but after his death it can not be found, the presumption arises that the testator destroyed it in his lifetime with the intention of revoking it. The presumption that it was revoked by the testator stands in the place of positive proof to that effect and he who seeks to establish the will assumes the burden of overcoming the presumption by producing facts and circumstances contrary thereto or that it was fraudulently destroyed by some other person. McIntosh v. Moore, 22 Tex.Civ.App. 22, 53 S.W. 611; Buchanan v. Rollings, Tex.Civ.App., 112 S.W. 785; Clover v. Clover, Tex.Civ.App., 224 S.W. 916; Aschenbeck v. Aschenbeck, Tex.Civ. App., 62 S.W.2d 326; Davis v. Roach, Tex.Civ.App., 138 S.W.2d 268; Collyer v. Collyer, 110 N.Y. 481, 18 N.E. 110, 6 Am.St.Rep. 405.

"*  *  *

"A summation of the testimony relied upon by appellees to overcome the presumption that Dr. Bailey intentionally destroyed his will with the purpose of revoking it brings us inevitably to the conclusion that it constituted nothing more than suggestions, possibilities, and surmises. We do not find any evidence whatever that the testator did not destroy, and did not intend to destroy, his will for the purpose of revoking it. As is shown by the authorities cited above and many others that could be cited, both in this State and in other jurisdictions, the presumption that he did so stands in the place of positive proof and it can be overcome only by clear and convincing evidence. In the recent case of Bob's Candy & Pecan Co. v. McConnell [140 Tex. 331], 167 S.W.2d 511, 514, our Supreme Court said: 'An inference cannot be based on a mere possibility. It can be based only on a fact proved or on something known to be true. Wright v. Conway, 34 Wyo. 1, [241 P. 369] 242 P. 1107. It cannot be based on a mere surmise or conjecture. Inferences of fact cannot be drawn from uncertain premises. Texas & N. R. O. Co. v. Brannen et al., Tex.Com.App. [140 Tex. 52], 166 S. W.2d 112, decided November 25, 1942.'

"Appellees not having produced any substantial evidence that Dr. Bailey did not destroy his will animo revocandi, the court below was not warranted in admitting the will to probate. Appellants' motions for a directed verdict and for judgment non obstante veridicto should have been sustained. The judgment will therefore be reversed and, since the record indicates the case was fully developed, judgment will here be rendered denying the application of appellees to probate the will."

■ The evidence relied upon by appellant to substantiate his burden of rebutting and overcoming the presumption of revocation consists of evidence relative to motive for the execution of the will as drawn, suspicious circumstances which could have accounted for the disappearance of the Will and uncorroborated statements of the decedent concerning the Will.

After carefully considering the record in this cause it is our view that appellant

did not produce any substantial evidence of probative force of the clear and convincing nature necessary to overcome the presumption of revocation of the will by the decedent.

We hold that the trial court correctly removed the case from jury consideration and correctly rendered judgment denying probate of the will in question.

The judgment of the trial court is affirmed.