The **CITIZENS FIRST NATIONAL BANK OF TYLER**, by and through **Will Mann Richardson**, Vice-President and Trust Officer, Appellant,

v.

Mrs. Crystal **RUSHING** et al., Appellees.

No. 347.

Court of Civil Appeals of Texas.
Tyler.

Oct. 17, 1968.

Tyner & Bain, Jerry Bain, Tyler, for appellant.

Lawrence & Lawrence, W. Dewey Lawrence, Tyler, for appellees.

DUNAGAN, Chief Justice.

This is an appeal from a judgment from the 114th Judicial District Court of Smith County, Texas, denying the probate of a lost will. The appellant was named Executor in the will and a carbon copy of said will was secured by appellant from the Honorable J. W. Tyner, an attorney who drew the will.

Appellant filed application to probate the carbon copy of the will, which was contested in the Probate Court of Smith County, Texas. The Probate Court admitted the will to probate. Upon notice of appeal, the case was tried de novo before a jury in the 114th District Court. Upon the closing of the evidence by all the parties and before submission of the case to the jury, appellees moved for an instructed verdict which was overruled. The cause was submitted to the jury on two Special Issues. The first of said issues inquired of the jury if "the Last Will and Testament of Minnie L. Chambless, which has been admitted in evidence in this case, when last seen, was in the possession of another person?" and the jury answered "It was in the possession of another person." The second issue conditionally submitted to the jury concerning revocation was unanswered because in view of the jury's answer to Special Issue No. 1, the jury was instructed not to answer said issue. Upon motions properly presented by appellant (proponent) and appellees (contestants) with due notice on behalf of each party, the trial court overruled appellant's motion for judgment based on the jury verdict, and granted appellees' motion to disregard the jury's answer to Special Issue No. 1 and for judgment non obstante veredicto. Appellant duly and timely perfected its appeal to this court.

Miss Betty Parker and Minnie Lee Parker Chambless were sisters. Miss Parker was never married. Mrs. Chambless was married once only (her husband predeceased her) and they had no children. These two sisters lived in a duplex in Tyler, Smith County, Texas, but lived in separate apartments therein.

Appellant, through its pleadings in the trial court, alleged that on the 12th day of September, 1962, Mrs. Chambless executed

a self-proving will in the office of J. W. Tyner, her attorney, and the witnesses to such will were J. W. Tyner and Martin Z. Sammons, Jr. The original will was delivered to the Testatrix, Mrs. Chambless, and a carbon copy was retained by her attorney.

Upon Mrs. Chambless's death, a diligent search was made and no will was discovered.

Appellant filed an application to probate the carbon copy of the will taken from the office of J. W. Tyner.

Appellant, by its first three points of error, contends that the trial court erred: (1) in granting appellees' motion for judgment non obstante veredicto because the finding of the jury is amply supported by the evidence; (2) in refusing to grant appellant's motion for judgment on the verdict of the jury because such verdict is amply supported by the evidence; and (3) in refusing to grant appellant's motion for instructed verdict because appellant presented a prima facie case showing execution of a valid will which, when last seen, was in the possession of a third party and appellees failed to present any evidence of revocation of such will.

 Section 88 of the Probate Code of Texas, V.A.T.S. prescribes the proof required to entitle a will to probate, one essential being that it has not been revoked by the Testator, and Section 63 of the Probate Code of this state prescribes the manner in which a will may be revoked, and the manner of revocation of a valid will prescribed in said Section is exclusive. Aschenbeck v. Aschenbeck, 62 S.W.2d 326, (Tex.Civ.App., Austin, 1933, writ dism.). The general and recognized rule in this state is that, where such will was in the possession of the Testator or where he had ready access to it when last seen, failure to produce it after his death raises the presumption that the Testator has destroyed it with intention to revoke it, and the burden is cast upon the proponent to prove the contrary. Such a presumption does not ob-

tain, however, when the will last seen was in the possession of some other person than the Testator. Aschenbeck v. Aschenbeck, supra; Rape v. Cochran, 217 S.W. 250 (Tex.Civ.App., Dallas, 1919, writ ref.).

The proponent (appellant) tried this lawsuit on the theory that the will was last seen in the hands or possession of a third person, to-wit: Miss Betty Parker, and therefore, it comes within the exception to the general rule which provides that the proponent must negative revocation of the will in the contest, and that the burden shifts to the contestants to prove revocation.

The controlling issue in the case in final analysis is the sufficiency or probative force of the evidence to support the verdict of the jury and the judgment of the trial court. We come now to a consideration of the sufficiency of the evidence to support the finding of the jury that the will, when last seen, was in possession of another person.

Mrs. Grace Jones, a practical nurse who was then helping to take care of Mrs. Chambless (who at that time was an invalid and confined to her bed in her apartment), testified to the following occurrence in the spring of 1965 while she was nursing the Testatrix, Mrs. Chambless, in Testatrix's apartment: Miss Betty Parker, Testatrix's sister, in looking for pillow cases at Mrs. Jones's request went into Mrs. Chambless's dining room and supposedly opened her chest. Miss Parker, while seated by the open chest, said as though talking to herself: "Here is her Will. I don't know if it is a new one or an old one." Mrs. Jones glanced around and Miss Parker had an envelope in her hand. In this connection, Mrs. Jones gave the following testimony on cross-examination:

"Q What was the color of the envelope?

"A I couldn't tell you. I didn't notice.

"Q Was it in an envelope? Or was it in a—do you know what a Legal

back is, what they call a Legal back?

"A I am not sure, I probably do—like deeds and things are fixed in?

"Q Yes.

"A Yes, sir.

"Q Well, was it in an envelope, or was it an instrument with a Legal back on it?

"A Well, I don't know. I didn't observe it that close.

Q So, you are entirely relying on what she said, so far as anything that you know about it?

"A Yes, sir, that's right.

"Q You don't know what Will it was, or whether it was a Will, or what it was, do you?

"A I didn't see it. I saw what she had in her hand.

"Q What was it she had in her hand?

"A She had a long envelope in her hand.

"Q A long envelope. All right. Did you see any writing on it?

"A No, sir, I didn't observe that."

■ Mrs. Jones is the only witness who gave any testimony that tends to support the jury's finding. Therefore, appellant's case must stand or fall on this testimony. Miss Parker was deceased at the time of the trial. Consequently, there is no testimony from her as to what will, if any, she referred to. The above is the full extent of the testimony on which appellant (proponent) relies. There was nothing in the surrounding circumstances that would in any way identify or connect the instrument to which the declaration refers with the lost will or any particular instrument. In fact, there is no testimony showing that Miss Parker had an instrument in her possession. She had some long envelope in her hands. The record is silent as to whether there was any will in the envelope and if so, what will. The record is entirely devoid of any positive testimony that Miss Parker had the will of September 12, 1962, (the will in question) in her hands when she said "Here is her Will. I don't know if it is a new one or an old one." This being true, we think there is no probative evidence in the record that Miss Parker ever obtained possession of the will in question. Whitefield v. Whitefield, 160 S.W.2d 306 (Tex.Civ.App., Waco, 1942, writ ref., w. o. m.); Dodd v. Peoples National Bank, 377 S.W.2d 760 (Tex.Civ. App., Texarkana, 1964, n. w. h.).

The last time the lost will was identified as being seen was in the office of the attorney who prepared it and who testified that he delivered it into the hands and possession of Mrs. Chambless, the Testatrix. Insofar as is shown in this record, there is no evidence of probative force that the will has ever been seen or identified since that time.

■ Without some identification that it was the will in question, the declaration of Miss Parker is not relevant to the issue. There being no direct or positive evidence that Miss Betty Parker ever had the will of September 12, 1962 in her possession, therefore, the jury in finding that the will when last seen was in the possession of another person, namely, Betty Parker, necessarily had to: (1) infer from the circumstances that Miss Parker had seen the will in question; (2) was able to identify it; (3) then from that inference, infer that Miss Parker then recognized it as said will; and (4) infer that Miss Parker took the will in her possession exclusively against all other persons. Inference must be based on and reasonably deduced from facts, not from other inferences. Texas & N. O. R. Co. v. Burden, 146 Tex. 109, 203 S.W.2d 522, 531, (1947); Agricultural And Mechanical College v. Guinn, 326 S.W.2d 609, 616, (Tex.Civ.App., Austin, 1959, writ ref., n. r. e.). An inference cannot be based on a mere possibility. It can be based only on a fact proved or on something known to be true. It cannot be

based on mere surmise or conjecture. Inferences of fact cannot be drawn from uncertain premises. Bailey v. Bailey, 171 S. W.2d 162, 168, (Tex.Civ.App., Amarillo, 1943, n. w. h.); Dodd v. Peoples National Bank, supra.

■ Moreover, we think the possession as inquired about in Special Issue No. 1 has a legal significance beyond that of mere casual, transitory, manual holding, as the evidence in this case undisputedly shows. In its legal significance as therein used, possession means custody and control, the having, holding or detaining of property in one's power or control; it is that condition of facts under which one can exercise his power over a corporeal thing at his pleasure to the exclusion of all other persons. Black's Law Dictionary.

■ If, while sitting by Mrs. Chambless's chest, Miss Parker was in fact holding in her hands the will in question at the time she exclaimed "Here is her Will", it was in Mrs. Chambless's own apartment. There is no evidence that Miss Parker or anyone else removed the will from Mrs. Chambless's apartment. We do not think this evidence is sufficient to show that the will was removed from the possession of Mrs. Chambless or from her access.

Miss Parker was not directed by Mrs. Chambless to go to her chest and take the will or for any other purpose. Miss Parker went into Mrs. Chambless's dining room and supposedly opened the chest in search of pillow cases solely at the request of the nurse.

Assuming that Miss Parker did have in her hands at the time in question this will, then it was last seen in Mrs. Chambless's dining room and was accessible to her. The evidence shows that Mrs. Chambless continued to live in this apartment after the declaration was made by Miss Parker allegedly concerning the will in question.

Mr. Lloyd Smith, who was called to the stand to testify by the appellant, testified to the following conversation with the Testatrix in January, 1966:

"Q Now then, I am going to ask you to state what that conversation was. Again, don't state conclusions, just state what you and Mrs. Chambless talked about.

"A Well, she was talking about her financial affairs—hers.

"Q All right.

"A I had been made Administrator of Miss Parker's estate and handled the affairs, and I told her that it cost her—not me, as the money went from Miss Parker to Mrs. Chambless—her money, that it cost about a hundred and something dollars for a Bond. And I thought it was real hard on her, but it had to be paid, and it was paid out of her estate.

"Q What comment did Mrs. Chambless make about that cost?

"A She said, well, thank God, she (Mrs. Chambless) had her business fixed, and when she died, she had a Will, and that her bank, the Citizens National Bank, would be her Administrator, and I wouldn't have to be."

In this same conversation, Mr. Smith testified that Mrs. Chambless, Testatrix, told him that her will was in her cedar chest in her dining room.

Furthermore, while we do not think the evidence establishes that the will referred to in Miss Parker's statement "Here is her Will" was the lost will here in contention, assuming that it was, if the will referred to in Mr. Smith's testimony above was the same will, and appellant contends that it was, it appears that the said lost will was accessible to Mrs. Chambless and she knew its location long after it was supposedly seen in Miss Parker's third party possession, thus appellant, by virtue of its own argument, refutes any presumption that Miss Parker destroyed the will as the last

known possessor. Thompson v. Dobbs, 234 S.W.2d 939, (Tex.Civ.App., Fort Worth, 1950, writ ref., n. r. e.).

With reference to Mrs. Chambless, appellant's witness, Lloyd Smith, on cross-examination testified as follows:

"Q She told you to go and get the Will?

"A Yes, sir.

"Q Then you didn't do it?

"A No, sir.

"Q But she was able to have told somebody else to go and get it, couldn't she, and torn it up when she got it?

"A I think she could."

We find no competent evidence in this record that would support the jury finding.

■ In considering and deciding the question here presented by these points, we have followed the familiar rule, that credit is to be given to all evidence favorable to appellant, every legitimate conclusion favorable to it indulged, and all adverse evidence disregarded.

■ Under the evidence in this case, the appellant had the burden of proof rebutting and overcoming the presumption of revocation of the will in question. Tinney v. Carpenter, 369 S.W.2d 440, 443, (Tex. Civ.App., Austin, 1963, writ ref., n. r. e.). This it failed to do.

■ After carefully considering the entire record in this cause, it is our view that appellant did not produce any substantial evidence of probative force of a clear and convincing nature necessary to overcome the presumption of revocation of the will by the Testatrix.

We have carefully considered each of appellant's points of error and being of the opinion that they are without merit, each of said points is accordingly overruled.

The judgment of the trial court is affirmed.