**Sidney B. CABLE, Appellant,**

v.

**ESTATE of Opal Marie Nichols CABLE et al., Appellees.**

**No. 17313.**

Court of Civil Appeals of Texas, Fort Worth.

May 19, 1972.

Jack Lovette, Bowie, Nelson, Montgomery & Robertson, and Charles B. Russell, Wichita Falls, for appellant.

Jack Connell, Bowie, for appellee.

## OPINION

LANGDON, Justice.

This appeal is from a summary judgment in a will contest case. The application to probate the will of Opal Marie Nichols Cable (formerly Opal Marie Nichols) was filed by Mrs. K. W. Arledge on January 31, 1969, in the County Court of Montague County, Texas. The application was contested by Sidney B. Cable, the surviving husband of the deceased. The matter was tried in the County Court without a jury. The will was admitted to probate and the judgment was appealed to the District Court of Montague County for trial de novo.

In the District Court the proponent of the will filed a motion for summary judgment to admit the will to probate and to appoint her as the Independent Executrix thereof. The motion for summary judgment was opposed by the contestant and granted by the District Court. This appeal is from that judgment. It is undisputed that the application to probate the will is concerned with and pertains only to the property in the hands of the contestant.

The single question to be resolved on this appeal is whether or not the court erred in granting the motion for summary judgment.

We reverse and remand.

Volume 17A, Probate Code, Sec. 88(b) (3), V.A.T.S., prescribes among other elements that to obtain probate of a will the applicant must also prove to the satisfaction of the court that such will was not revoked by the testator. Ashley v. Usher, 384 S.W.2d 696 (Tex.Sup., 1964).

Section 63 of the same text prescribes that no written will or part thereof ". . . shall be revoked, except by a subsequent will, codicil, or declaration in writing, executed with like formalities, *or by the testator destroying or canceling the same, or causing it to be done in his presence*." (Emphasis ours.)

In construing the provisions of Section 63 of the Probate Code, above emphasized, the Texas courts have uniformly held that where the will of a testator was last seen in the possession of the testator or in a place where the testator had ready access to it (i. e., his safe deposit box) then the failure to produce such will after his death raises the presumption that the testator has destroyed his will with the intention to revoke it. Under such circumstances the proponent of the will has the burden of proof to overcome or negative such presumption by competent evidence. Tinney v. Carpenter, 369 S.W.2d 440, 443 (Austin, Tex.Civ.App., 1963, writ ref., n. r. e.); Citizens First Nat. Bank of Tyler v. Rushing, 433 S.W.2d 741 (Tyler, Tex.Civ. App., 1968, no writ hist.).

The said inference or presumption is not conclusive and thus may be rebutted. Aschenbeck v. Aschenbeck, 62 S.W.2d 326 (Austin, Tex.Civ.App., 1933, writ dism.); Shepherd v. Stearns, 45 S.W.2d 246 (Fort Worth, Tex.Civ.App., 1931, no writ hist.); Howard v. Combs, 113 S.W.2d 221 (Fort Worth, Tex.Civ.App., 1938, no writ hist.); Combs v. Howard, 131 S.W.2d 206 (Fort Worth, Tex.Civ.App., 1939, no writ hist.); and Sparkman v. Massey's Estate, 297 S. W.2d 308 (Dallas, Tex.Civ.App., 1956, ref., n. r. e.).

If rebuttal testimony is offered then a question of fact is presented for a court or jury. Howard v. Combs, supra, and Sparkman v. Massey's Estate, supra.

The burden of proof in this case was upon the proponent of the will to overcome or to rebut the presumption of revocation and thereby establish as a matter of law that she was entitled to summary judgment.

We find and hold that the proponent failed to meet this burden. At most the record reflects the evidence before the trial court was conflicting and a fact issue was created to be determined by the fact finder.

It should suffice to say that under the record in this case the will in question was seen in the possession of the testatrix some months before her death and that following her death it could not be found. Further, there was testimony to the effect that the torn pieces of the will were seen in her hands. A will described as a "copy" was the one offered for probate. It was not found among the decedent's papers. There is other evidence in the form of affidavits and depositions which raise a fact issue on the question of revocation.

A fact issue is created where the testimony of one witness is conflicting on a given point or where the testimony of different witnesses is in conflict. Ford v. Panhandle & Santa Fe Ry. Co., 151 Tex. 538, 252 S.W.2d 561 (1952), and Durham v. I. C. T. Insurance Co., 283 S.W.2d 413 (Dallas, Tex.Civ.App., 1955, writ dism.).

In our review of the record we must give credence to that part of the testimony in the record most favorable to the contestant (the non-moving party) on the issue in question and disregard all evidence to the contrary which appears in the record. Stowe v. City of Corpus Christi, 358 S.W.2d 409 (Eastland, Tex.Civ.App., 1962, writ ref., n. r. e.); Webster v. Webster, 293 S.W.2d 820 (Dallas, Tex.Civ.App., 1956, writ ref., n. r. e.); Powell v. Associates Investment Company, 380 S.W.2d 774 (Eastland, Tex.Civ.App., 1964, no writ hist.). The evidence tending to support the party opposing the motion is accepted as true. Parrott v. Garcia, 436 S.W.2d 897 (Tex.Sup., 1969) and Great American R. Ins. Co. v. San Antonio Pl. Sup. Co., 391 S.W.2d 41 (Tex.Sup., 1965).

In applying the rules above enunciated to the facts of this case we are convinced that the evidence before the trial court presented a fact issue on the question of revocation of the will sought to be probated. In 45 Tex.Jur.2d 636, it is stated that ". . . summary judgment proceedings are to be conducted with great caution, and such a judgment should be granted only where it appears with reasonable certainty that there is no genuine issue of fact in the case. Intendments and implications in aid of a showing on a summary judgment hearing should be cautiously indulged and, in case of doubt, resolved against granting the judgment."

The judgment of the trial court is reversed and the cause is remanded for trial on the merits.