Josephine L. BERRY, Appellant,

v.

Reverend Leslie T. GRIFFIN, Appellee.

No. 1282.

Court of Civil Appeals of Texas, (14th Dist.).

Dec. 10, 1975.

Rehearing Denied Jan. 14, 1976.

B. Edward Williamson, Prappas, Caldwell & Moncure, Houston, for appellant.

Allen B. Daniels, F. W. Moore, Houston, Herman L. Little, Jr., Asst. Atty. Gen., Austin, Charles S. Taylor, Jr., Houston, Cullen Smith, Naman, Howell, Smith & Chase, Waco, for appellee.

COULSON, Justice.

This is a "Lost Will" case. In 1969 Miss Josephine Allebach executed a will. After her death, on May 24, 1974, the original of the Will could not be found. The principal beneficiary under the Will, Reverend Leslie T. Griffin, sought probate of an unsigned copy of the Will. Josephine L. Berry, and others, contested the probate of the "Lost Will" on the ground that the decedent revoked her will prior to her death by destroying the Will. After a jury trial the court admitted the "Lost Will" to probate. We reverse and render.

The jury found: (1) that when last seen the Will was not in the possession of the deceased or in a place where she had ready access to it, (2) that the original Will was not found after Josephine Allebach's death, and (3) that the deceased did not revoke the Will.

Where a validly executed will was last seen or accounted for in the possession of the decedent, or in a place where the decedent had ready access to it, and it cannot be found after the deceased's death, the presumption arises that the testatrix destroyed it with the intention of revoking it. *Mingo v. Mingo*, 507 S.W.2d 310 (Tex.Civ. App.-San Antonio 1974, writ ref'd n. r. e.). In the case before this court the presumption arises because there is no dispute that the Will of Josephine Allebach was validly executed and could not be found after her death. Two witnesses testified that the Will was last seen in the testatrix' possession. The proponent of the Will claims that there was testimony upon which the jury

could rely to rebut the "possession testimony", and that the presumption of revocation did not arise. T. R. Allebach, acting under a power of attorney, entered Josephine Allebach's safe deposit box, per her directions, and delivered its contents to her at her home. He found in the safe deposit box an envelope with the word "Will" marked on it. After delivering it to Josephine Allebach, she took it out of the envelope and said, "This is my will." T. R. Allebach also testified that the deceased showed him the Will at her home one month before her death.

Paul Bryant corroborated T. R. Allebach's testimony. Bryant went with T. R. Allebach to the bank and aided him in emptying Josephine Allebach's safe deposit box and delivering its contents to her at her home. Bryant also saw the envelope marked "Will" and testified that Josephine Allebach took the envelope and said that it was her will.

The proponent relies on the testimony of Irene Werlla that the Will was never in the house. Werlla, and her husband, lived in the house with Josephine Allebach and served as her caretaker and companion. Werlla testified that Josephine Allebach told her that the Will was in her safe deposit box. Other witnesses called by the proponent testified as to Josephine Allebach's good and sound mental state before her death. There was also testimony that the deceased had not discussed revoking her will and still felt amicable toward the principal beneficiary of her will.

■ The rule is well settled that an inference may be drawn from a fact proved, but an inference may not be drawn from an inference. *Texas & N. O. R. Co. v. Burden,* 203 S.W.2d 522 (Tex.Sup.1947). Werlla's testimony, if accepted, establishes only that she never saw the Will in the house. It may be inferred from this that the Will was not in the house, but from that inference it may not be inferred that the Will was never in Josephine Allebach's possession or in a place where she had ready access to it.

■ Werlla's testimony was not evidence that the jury could rely on in finding that the Will was not in Josephine Allebach's possession or in a place where she had ready access to it. Only T. R. Allebach and Paul Bryant gave testimony that could be considered on the "possession" question. Both testified that they delivered an envelope marked "Will" to Josephine Allebach, that she took possession of it, and she declared it to be her will. Where there is no evidence to the contrary, the jury may not disregard the undisputed evidence and decide such issue in accordance with their wishes. *Texas & N. O. R. Co. v. Burden, supra.* The testimony of T. R. Allebach and Paul Bryant, coupled with the fact that the Will was not found after Josephine Allebach's death, resulted in the presumption of revocation as a matter of law.

Assuming arguendo that the jury could properly disregard the testimony of T. R. Allebach and Paul Bryant that they took the Will to the deceased from her safe deposit box because what they actually delivered to the deceased was a mere copy of the Will, the presumption of revocation must still arise. The presumption, if not established by the testimony of delivery to the deceased of the Will from her safe deposit box, is then established by Paul Bryant's uncontroverted testimony that in earlier years Josephine Allebach would leave the Will in his possession when she would take a trip and that he always delivered it to her upon her return. Ignoring the safe deposit box delivery testimony as evidence of when the Will was last seen, then the only other time the Will was last seen was when Paul Bryant returned the Will to Josephine Allebach after her last vacation. In that case, the Will was last seen in the possession of the deceased and not having been found after her death, the presumption of revocation arose as a matter of law.

■ To overcome the presumption of revocation, evidence of a clear and convincing nature must be produced that the will was

not revoked. *Bailey v. Bailey*, 171 S.W.2d 162 (Tex.Civ.App.-Amarillo 1943, no writ); *Dodd v. Peoples National Bank*, 377 S.W.2d 760 (Tex.Civ.App.-Texarkana 1964, no writ); *Harris v. Robbins*, 302 S.W.2d 225 (Tex.Civ.App.-Amarillo 1957, no writ). This standard requires that the evidence should not be ambiguous, equivocal, or contradictory and that it be sufficient to carry conviction to an unbiased and unprejudiced mind. 1 C. McCormick & R. Ray, Texas Practice § 49 (2d ed.1956).

■ Continued affection for the principal beneficiary of a will is of no material significance in rebutting the presumption that the will was revoked. *Bailey v. Bailey, supra* at 166. The proponent's witnesses' testimony that Josephine Allebach felt kindly toward Reverend Griffin is insufficient to rebut the presumption of revocation.

■ Furthermore, there is no evidence from which the jury could have found that the Will was fraudulently destroyed by another. Although T. R. Allebach had access to Josephine Allebach's papers and had at one time after her death mistakenly stated that he had the Will (when indeed he had only a copy), any finding of destruction would be pure speculation and surmise. It is undisputed that T. R. Allebach had no interest in the estate under the Will or as an heir. A mere surmise of destruction is insufficient to rebut the presumption of revocation. *Citizens First National Bank of Tyler v. Rushing*, 433 S.W.2d 741 (Tex.Civ.App.-Tyler 1968, no writ); *Davis v. Roach*, 138 S.W.2d 268 (Tex.Civ.App.-Austin 1940, writ dism'd jdgmt. cor.).

■ Werlla's testimony that she never saw the Will in Josephine Allebach's house is likewise insufficient to rebut the presumption of revocation. *See Mingo v. Mingo*, 507 S.W.2d 310 (Tex.Civ.App.-San Antonio 1974, writ ref'd n. r. e.). In short, there was no evidence introduced to rebut the presumption that Josephine Allebach destroyed her will with the intention to revoke it. Even if we were to apply a lesser standard of evidence, that to rebut the presumption of revocation the proponent of the "Lost Will" need only come forward with some evidence that the deceased did not destroy her will with the intent to revoke it, we would still find the proponent's evidence legally insufficient because the testimony of continued affection is immaterial, the evidence of destruction must be more than mere surmise, and Irene Werlla's testimony can raise no more than an inference that the Will was not in the deceased's house.

A lost will may present perplexing problems for beneficiaries, heirs and the court. The legislature has provided a method of avoiding the problems attendant when a will becomes lost. The Probate Code provides for a deposit of a will with the county clerk for a nominal sum. Few people make use of this privilege. *See* Tex.Prob.Code Ann. § 71 (1956).

The judgment of the trial court is reversed and it is rendered that the application for probate of the Will is denied.