Ernestine HUMBER, Appellant,

v.

Claude MORTON, Appellee.

No. 7974.

Court of Civil Appeals of Texas.

Amarillo.

Nov. 3, 1969.

Rehearing Denied Dec. 8, 1969.

J. R. Hollingsworth, Amarillo, for appellant.

Underwood, Wilson, Sutton, Heare & Berry and D. Barry Stone, Amarillo, for appellee.

JOY, Justice.

Suit by purchaser of new home against builder-seller for fire loss caused by allegedly defective fireplace. Judgment for defendant and plaintiff appeals. Trial court judgment affirmed.

Mrs. Humber purchased a new house from builder Morton on May 8, 1964. On September 20, 1964 Mrs. Humber built a fire in the fireplace of the house for the first time in the early part of the evening. Later that night, approximately 1:00 A.M., the house was damaged by fire, the exact starting place being in dispute, but starting at or near the fireplace in the ceiling of the house. Plaintiff brought this action on the theory of negligence and implied warranty in accordance with the opinion of the Supreme Court in a prior trial of the same cause. See Humber v. Morton, Tex., 426 S.W.2d 554. Upon a trial had before the trial judge without a jury the court ren-

dered a take nothing judgment against plaintiff and this case now has reached the appellate court for the third time.

No findings of fact or conclusions of law were requested of or filed by the trial court. In determining whether or not there is any evidence to support the trial court's implied findings of fact we are to consider only that evidence most favorable to the issues and disregard that which is opposed or contradictory in nature. Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 23 A.L.R.2d 1114 (Sup.Ct. 1950).

Plaintiff has brought this appeal on four points, the first of which is that the trial court erred in granting judgment for the defendant. This point is too general in nature and will not be considered on appeal. Rule 418, Texas Rules of Civil Procedure. Plaintiff's points 2, 3 and 4 are no evidence, insufficient evidence and "against the overwhelming preponderance of the evidence as to be clearly wrong or manifestly unjust" complaints against the trial judge's statement that "plaintiff had totally failed to prove the cause of action." This statement was made by the trial court after both sides had closed and waived argument. The judgment entered in the case recites that the court "is of the opinion that plaintiff has not established its cause of action." Although these points are general in nature, we are permitted to consider same through the liberality of our rules.

There is a conflict in the testimony as to whether or not the fireplace was defectively constructed. Johnnie Mays, the masonry worker who constructed the fireplace, testified as to the manner of construction using a small scale model or replica that he had built prior to the trial. Mays testified that upon completion of the new house and prior to the sale thereof he had built a fire in the fireplace in order to "break it in." Mays further testified that on the morning after the fire he had again built a fire in the fireplace placing a cov-

ering over the top of the chimney on the outside in order to test for smoke leaks. Mays testified that the only leak of smoke that he could find came from a loose brick that "looked like it had been knocked loose with a pickax or something * * * right where the ceiling joists and the rafters go into the plate line there, yes sir." Mays testified extensively and in detail as to the method of constructing the fireplace. Considering only that evidence favorable to the judgment of the trial court we overrule plaintiff's no evidence point.

In considering the sufficiency of evidence and the weight and preponderance of the evidence points, in the light of the rule announced hereinabove, we overrule both points.

Affirmed.