**Charles S. PIPKIN, Jr., Appellant,**

v.

**F. C. DEZENDORF, Appellee.**

**No. 17760.**

Court of Civil Appeals of Texas,
Houston (1st Dist.).

June 25, 1981.

Rehearing Denied July 23, 1981.

Pope & Waits, Dougal Pope, Ed Engel, Houston, for appellant.

Liddell, Sapp, Zivley, Brown & LaBoon, Walter P. Zivley, Barbara N. Perkins, Houston, for appellee.

Before COLEMAN, C. J., and DOYLE, J.

DOYLE, Justice.

This is a will contest. Charles S. Pipkin, Jr. brings this appeal from an instructed verdict granted in favor of F. C. Dezendorf.

F. C. Dezendorf is the stepson of the deceased, Charles S. Gainer. Dezendorf filed an application to probate the will of the deceased dated May 16, 1977, or in the alternative to probate the deceased's will dated May 5, 1977.

Charles S. Pipkin, Jr., a nephew of the deceased, contested the application to probate the two 1977 wills on the ground that the deceased was unduly influenced and did not have testamentary capacity at the time he executed these wills. Appellant then filed an application to probate the deceased's will dated September 4, 1975 or in the alternative to probate the deceased's will dated October 24, 1974.

Trial was to a jury. During the trial, the court admitted into evidence both of the 1977 wills and the 1974 will. The original of the 1975 will could not be located. The court refused to admit this document as a will for probate, but admitted a xerox copy of the instrument only for the limited purposes of showing the pattern of the disposition of the deceased's property and for the purpose of revoking the 1974 will.

After both sides had rested, appellee made a motion for an instructed verdict on the basis that there was no issue to go to the jury since the 1975 will revoked the 1974 will. The appellant was not an inter-

ested person since he would not inherit anything even if the two 1977 wills were not admitted to probate.

By his point of error, appellant argues that the court erred in granting appellee's motion for an instructed verdict.

Appellee contends that appellant's point of error is not properly before this court because it is too general for consideration and does not comply with Rule 418, T.R.C.P. *Benefit Trust Life Insurance Co. v. Baker,* 487 S.W.2d 406 (Tex.Civ.App.—Waco 1972, no writ); *Wagon Wheel Club, Inc. v. Restaurant Equipment & Supply Company,* 410 S.W.2d 788 (Tex.Civ.App.—San Antonio 1967, no writ); *Humber v. Morton,* 448 S.W.2d 494 (Tex.Civ.App.—Amarillo 1969, writ ref'd n. r. e.).

Appellant argues that Rule 418 should be liberally construed. Rule 422, T.R.C.P.; *Fambrough v. Wagley,* 140 Tex. 577, 169 S.W.2d 478 (1943); *Gleason v. Davis,* 155 Tex. 467, 289 S.W.2d 228 (1956). We will consider appellant's point of error as being properly before us.

Specifically, appellant contends that an instructed verdict was improperly granted in this case because there was a fact issue as to whether the deceased had testamentary capacity or sufficient sanity to revoke the 1975 will.

The controlling question presented by this appeal is whether the prerequisites of admitting a lost will to probate have been complied with by appellant as a condition precedent to submitting any fact issue concerning testamentary capacity or sanity. Among the several prerequisites that must be complied with before any will is admitted to probate is proof of non-revocation. Being the proponent of the 1975 will, appellant had the burden of supplying the evidence necessary for its admission to probate. The probate court refused to accept a copy of the 1975 will as evidence for purpose of probate. The testimony of appellant's witness, Melvin Engel, the attorney who prepared it, was that the 1975 will was last seen in the possession and control of the decedent, Charles S. Gainer, on September 4, 1975, the date of its execution. The original 1975 will was given to Mr. Gainer on that date. There is no evidence to indicate that anyone ever saw the 1975 original will after September 4, 1975. After decedent's death, a diligent but fruitless search was made to find the original 1975 will. These facts gave rise to the well established presumption that the 1975 will had been revoked. This presumption stands in the place of positive proof and it can be overcome only by clear and convincing evidence. *Bailey v. Bailey,* 171 S.W.2d 162 (Tex.Civ. App.—Amarillo 1943, no writ); *Berry v. Griffin,* 531 S.W.2d 394 (Tex.Civ.App.— Houston [14th Dist.] 1976, writ ref'd n. r. e.).

From a reading of the record, it appears obvious that appellant was unaware of the presumption of revocation in appellee's favor and that he had the burden to overcome it. Instead, appellant tried his case on the theory that a presumption of no revocation was with him since he proved that the original 1975 will could not be found and he had offered a signed xeroxed copy in its stead pursuant to article 3737c, T.R.C.S. The following exchange of statements was made before the bench at the conclusion of the evidence.

Mr. Pope: Your Honor, at this time we are going to renew our motion to offer this '75 will in evidence as a will which was executed by Mr. Gainer, and this is Contestant's Exhibit No. 2.

The cases are very uniform in holding that when a will is offered for probate which is regular on its face, and it's been proven it was executed with the solemnities and requirements as provided for under the Probate Code, that there is a rebuttable presumption that that will has not been revoked and there has been no evidence presented in this case which would show that '75 will has been revoked, unless you look at the '77 wills, and of course if the '77 wills are—let's see the '75 will.

If the '77 wills are held null and void, then they cannot be used to revoke the '75 will unless there was special language in the '77 wills which said that the '75 will would be revoked, regardless if the '77 will was, you know, held invalid or similar language.

The Court: All right, with regard to this particular will, Mr. Pope, you are offering this will as a lost will, that is, a will not produced in court? The rules are different with regard to lost wills as opposed to wills in which you have offered the original. It is your burden in a lost will or a will not produced in Court to prove that it was not revoked.

Mr. Pope: Your Honor—where is that article—it was 30—Your Honor, Article 3737C [3731c] provides that in the instance that if the original cannot be found, that you can have, in say this case, a photostatic copy of the original can be offered, and where there is no bona fide dispute as to its being an accurate reproduction of the original, and that is the basis that we're going on, in other words we do not have the original of the '75 will.

The Court: Counsel, read the Probate Code. It is really very simple. The Code is very specific. It deals with this problem and says you must show non-revocation, and I will not permit you to introduce this as you have offered it and I will sustain the objection to it as I have done before.

Under appellant's theory of what was necessary to establish the 1975 will, it would not have been necessary to present evidence sufficient to rebut the presumption of revocation which ran in favor of appellee as a matter of law. We have thoroughly examined the testimony of each witness and find nothing that rebuts the presumption that the 1975 will was revoked.

For the first time on appeal, appellant argues that "the 1975 will was in existence in 1977 when the May 5, 1977 will was executed and there was a fact issue whether the deceased had testamentary capacity or whether he was sane at any time from May 5, 1977, until his death on April 27, 1978." Even had this contention been raised at the trial level, the court would have been faced with the absence of facts to warrant submitting such an issue to the jury. The only direct evidence that the 1975 will ever existed came from Mr. Engel and he saw it last on September 4, 1975, when he gave it to the decedent. The testi-

mony of other witnesses relating to the existence of the 1975 will produced nothing more than surmises and conclusions based on inferences drawn from no proven facts. Appellant did introduce testimony which disputes whether the deceased had testamentary capacity to make the 1977 will. However, this issue concerning capacity could only have relevance if the existence of the 1975 will had been established. Appellant's argument is based on the assumption that the 1975 will was in existence in 1977 and therefore, if the deceased could not execute the 1977 will, he could not revoke the 1975 will. No factual basis for such assumption exists based on the record before us.

■ Appellant cannot prove when the 1975 will was lost, destroyed or revoked. Hence, it would be pure speculation to conclude that the deceased lacked testamentary capacity at that time or any specific time. Appellee contends that appellant's theory on the existence of the 1975 will in 1977 is based solely on speculation and surmise. Evidence that is a mere surmise or scintilla of evidence is insufficient to prove the existence of the will at a particular time. *Joske v. Irvine*, 91 Tex. 574, 44 S.W. 1059 (1898); *St. Joe Paper Company v. McNair Trucklease, Inc.*, 593 S.W.2d 818 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n. r. e.).

The reasoning found in the case of *McIntosh v. Moore*, 22 Tex.Civ.App. 22, 53 S.W. 611 (1899, no writ), is persuasive. There the court stated that in order to show that the testator did not have testamentary capacity at the time the will was destroyed, the proponent of the will must show such incapacity existed at the time of the destruction. This is so because the deceased "may have been, during a part of the time that elapsed from the time when the will was last seen and his death, incapable of revoking it, yet at the time of its destruction he may have possessed the necessary testamentary capacity."

■ We find that there was no probative evidence adduced by appellant that would give rise to a fact issue for submission to

the jury. The motion for an instructed verdict was properly granted.

The judgment of the probate court is affirmed.