A. LAURA BATT *vs.* ADELAIDE J. H. VITTUM.

Middlesex.　November 12, 1940. — November 27, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Will,* Revocation.

Findings on unreported evidence, that a testatrix drew lines through two of three paragraphs of her will, which gave pecuniary legacies, with the intention of cancelling and revoking them unconditionally but with no intention of revoking the will's other provisions, and that she "then" drew a line through the words "the rest, residue and remainder of" in the third paragraph, so that that paragraph was left to read, "All my estate I give" to a named legatee, and that she did so with no intention of making a new will or changing the disposition of her property under the will as it was left after the revocation of the first two paragraphs, warranted a decree allowing the will with the single bequest remaining in the third paragraph.

PETITION, filed in the Probate Court for the county of Middlesex on March 18, 1940.

The case was heard by *Leggat,* J.

*R. H. Taylor,* for the respondent.

*F. H. Chase,* (*E. H. Sullivan* with him,) for the petitioner.

FIELD, C.J.　This is an appeal from a decree of the Probate Court allowing the will of A. Marion Merrill, late of Concord, deceased. The appellant is described in the petition for probate as an heir-at-law and next of kin of the deceased.

The will as executed consists — in addition to formal recitals — of four separate numbered paragraphs. By each of paragraphs numbered I and II a pecuniary legacy was given to an educational institution. Paragraph numbered III was a residuary clause providing that "All the rest, residue, and remainder of my estate, of whatever nature or sort, and wherever the same may be situated . . . [including certain described royalty rights] I give, devise, and bequeath to my dear friend, Miss A. Laura Batt." By paragraph numbered IV Miss Batt was named as executrix.

The will as presented for probate showed lines drawn through paragraphs numbered I and II, respectively, and through the words "the rest, residue, and remainder of" in the paragraph numbered III.

The decree appealed from states that "it appearing that the clauses numbered I and II of said instrument and the words 'the rest, residue, and remainder of' in the clause numbered III thereof, were cancelled by said testatrix with the intention of revoking said clauses numbered I and II and cancelling said words, and it further appearing that said instrument excluding said clauses numbered I and II and said words 'the rest, residue, and remainder of' is the last will and testament of said deceased, and was legally executed, and that said testatrix was, at the time of making the same, of full age and sound mind," it is decreed "that said instrument be approved and allowed as the last will and testament of said deceased."

A report of material facts made by the probate judge contains the following findings: "The testatrix died on March 9, 1940, in her eighty-sixth year. For many years she had been a teacher of English in the Wakefield and Somerville High Schools. . . . On October 31, 1928, being of sound mind the testatrix executed the will offered for probate in the manner required by law. A few years later, while of sound mind, she drew lines through the paragraphs numbered I and II of her will with the intention of cancelling and revoking them unconditionally, but with no intention of revoking or defeating the other provisions of the will. She then drew a line through the words, 'the rest, residue, and remainder of' in the paragraph numbered III of her will with no intention, however, of making a new will or of changing the disposition of her property under her will as it was left after the revocation of paragraphs I and II." The evidence is not reported.

No legatee or devisee under any paragraph of the will has appealed. No party now contends that paragraphs numbered I and II, respectively, have not been revoked. Indeed, the appellant contends that these paragraphs have been revoked. However, she has no standing to make this

contention unless the effect of paragraph numbered III as a residuary clause has been destroyed. If its effect as such a clause has not been destroyed the appellant as an heir-at-law and next of kin of the deceased will take nothing from her estate whether or not paragraphs numbered I and II have been revoked. *Bigelow* v. *Gillott,* 123 Mass. 102, 106–107. *Wellman* v. *Carter,* 286 Mass. 237, 255.

On the facts found by the probate judge the effect of paragraph numbered III as a residuary clause has not been destroyed. Revocation in its last analysis is a matter of intention. G. L. (Ter. Ed.) c. 191, § 8. *Sanderson* v. *Norcross,* 242 Mass. 43, 45. *Walter* v. *Walter,* 301 Mass. 289, 291. There is nothing in the record to show that the probate judge was wrong in finding that the testatrix "drew lines through the paragraphs numbered I and II of her will . . . with no intention of revoking or defeating the other provisions of the will." The existence of the lines across these paragraphs — undoubtedly constituting sufficient marks of cancellation to effect a revocation of these paragraphs if there was the requisite intention to revoke them — is consistent with this finding. Indeed, the fact that the testatrix drew these lines through these paragraphs and did not draw lines through her signature or the other provisions of the will — except through the words "the rest, residue, and remainder of" in paragraph numbered III hereinafter considered — conforms more naturally to an intention to revoke only paragraph numbered I and paragraph numbered II, than to an intention to revoke also other provisions of the will or the will as a whole. See *Bigelow* v. *Gillott,* 123 Mass. 102. In this respect the case is readily distinguishable from *Worcester Bank & Trust Co.* v. *Ellis,* 292 Mass. 88, 92, where it was said that the "clauses marked out comprise the main provisions of the will, including the residuary clause," and that it was "inconceivable that . . . [the testator] intended to preserve the minor clauses not actually crossed out, and to have them stand as his whole will." There is, moreover, no indication that the testatrix intended that the property given by paragraphs numbered I and II, respectively, of

the will as executed, should not, upon revocation of these paragraphs, pass by paragraph III as a residuary clause — unless by reason of the line drawn through the words "the rest, residue, and remainder of" in that paragraph hereinafter considered. See *Bigelow* v. *Gillott*, 123 Mass. 102, 106–107. Indeed, it is a reasonable inference that the testatrix by drawing this line disclosed an intention on her part that Miss Batt, to whom was given by the will as executed "All the rest, residue, and remainder of my [the testatrix's] estate," should take such "rest, residue, and remainder" augmented by the amount previously given to other beneficiaries by paragraphs I and II that were revoked, since such "rest, residue, and remainder" would then constitute all her estate. It is almost inconceivable that the testatrix by revoking paragraphs I and II of her will intended by such revocation to revoke also paragraph III thereof.

There is nothing in the record to show that the probate judge was wrong in finding that the testatrix "drew a line through the words, 'the rest, residue, and remainder of,' in the paragraph numbered III of her will, with no intention, however, of making a new will or of changing the disposition of her property under her will as it was left after the revocation of paragraphs I and II." The existence of this line is not inconsistent with this finding. Even if effect were given to the cancellation of the words "the rest, residue, and remainder of" there is nothing in the fact of such cancellation, made at or after the effective revocation of the gifts by the preceding paragraphs, to indicate an intention on the part of the testatrix to destroy the effect of paragraph numbered III as a residuary clause into which upon revocation of the gifts by the preceding paragraphs would fall the amounts previously disposed of by those paragraphs. The intention on the part of the testatrix — a long time teacher of English — that her drawing a line through the words naturally imports, was to make the will conform as a matter of correct English to the situation created by the revocation of the gifts by the preceding paragraphs rather than an intention to affect the disposition of the estate by paragraph numbered III considered as a residuary clause. The

appellant contends that a gift by the testatrix of "all . . . my estate" is a different gift from a gift of "all the rest, residue, and remainder of my estate" and could not be made without reattestation. Whatever might be true in some situations there was no difference in the gifts as of the time when — the gifts by the preceding paragraphs having been revoked — the line in question was drawn. And it is the intention of the testatrix at that time that is controlling. The fact that the line was then drawn has no such tendency to show that the testatrix thereby intended to revoke the gift made by paragraph numbered III by substitution of a different gift or otherwise as would vitiate the finding of the probate judge on all the evidence that the testatrix had "no intention . . . of changing the disposition of her property under her will as it was left after the revocation of paragraphs I and II."

The gift by paragraph numbered III was not revoked. We need not inquire whether it was error to allow the will with the words "the rest, residue, and remainder of" struck out of the paragraph. No harm can result to the appellant from the allowance of the will with these words out, since its legal effect and interpretation will be the same as if they had not been struck out, and in no event will the appellant take any part of the estate. See *Southworth* v. *Southworth*, 173 Mo. 59, 74–75. Compare *Estate of Finkler*, 3 Cal. (2d) 584, 602–603.

The appellant in her brief requests that costs and expenses be awarded to her counsel to be paid out of the estate. Clearly this is not a case for such an award. The appellee has made no such request. Nor has she made any request for an award of costs and expenses to be paid by the appellant. See G. L. (Ter. Ed.) c. 215, § 45. No provision for costs and expenses is to be included in the decree.

*Decree affirmed.*