ALONZO E. YONT *vs.* ELEANOR B. EADS.

Barnstable.    October 4, 1944. — October 26, 1944.

Present: FIELD, C.J., LUMMUS, QUA, RONAN, & SPALDING, JJ.

*Will*, Revocation.   *Words*, "Cancelling."

A statement, written and signed by a testator in the margin of his will beneath his signature thereon with the intention of revoking the will, "Voided by later will executed" on a certain date, did not effect a "cancelling" of the will within G. L. (Ter. Ed.) c. 191, § 8.

PETITION, filed in the Probate Court for the county of Barnstable on November 10, 1943, for proof of the will of Robert I. Eads.

At a hearing by *Campbell*, J., "all persons" assented to, and "no party" objected to the allowance of the petition. The judge, however, found that "the instrument had been cancelled by the testator as indicated in his own handwriting on its margin," and disallowed the will. The petitioner appealed.

*L. D. Yont*, for the petitioner.

*J. F. Handy*, for the respondent.

SPALDING, J.   This is an appeal from a decree of the Probate Court of Barnstable County disallowing an instrument purporting to be the will of Robert I. Eads, late of

Bourne, who died on October 28, 1943. No contention is made that the instrument, which was dated November 19, 1941, was not executed in accordance with law. The only question for decision is whether it had been revoked.

The evidence is not reported but the judge made a report of the material facts found by him pursuant to G. L. (Ter. Ed.) c. 215, § 11. The facts pertinent to this appeal which were found by the judge are these. In the margin of the instrument beneath the testator's signature there appeared the following notation: "Voided by later will ~~date~~ executed May 27 — 1943 Robert I. Eads." [1] The marginal notation, quoted above, was in the handwriting of the testator and was made with the intention of cancelling and revoking the will. No other will was ever found. The judge held that this constituted a revocation.

A will can be revoked only in the manner prescribed by G. L. (Ter. Ed.) c. 191, § 8, which reads: "No will shall be revoked except by burning, tearing, cancelling or obliterating it with the intention of revoking it, by the testator himself or by a person in his presence and by his direction; or by some other writing signed, attested and subscribed in the same manner as a will; or by subsequent changes in the condition or circumstances of the testator from which a revocation is implied by law." The only part of the statute that could possibly apply here is the first clause which provides for revocation "by burning, tearing, cancelling or obliterating . . . [the will] with the intention of revoking it, by the testator himself or by a person in his presence and by his direction." [2] Of the four methods mentioned in this clause "cancelling" is the only one that need concern us. To revoke in this manner there must be a cancelling coupled with an intent to revoke. *Worcester Bank & Trust*

---

[1] Through this writing were drawn three perpendicular lines. The trial judge in his findings stated, "No evidence was presented as to who drew the lines through the notation written on the margin of this will. I am not able to draw any inferences when these lines were drawn . . . ."

[2] As was pointed out in *Worcester Bank & Trust Co.* v. *Ellis,* 292 Mass. 88, 91, this phrase can be traced back in our statutes to Rev. Sts. (1836) c. 62, § 9, St. 1783, c. 24, § 2, and St. 1692–3, c. 15, § 4. The last cited section formed a part of the statute of frauds, and was copied from the English statute of frauds, 29 Car. II, c. 3, § 6.

*Co.* v. *Ellis*, 292 Mass. 88, 93. Since the trial judge has found that the notation was placed on the will by the testator with the intention of revoking it, the only question remaining is whether it constituted a cancellation.

An examination of the decisions in this Commonwealth discloses that in every case where it has been held that there was a revocation of a will by cancellation there has been some defacement of the words of the will. *Bigelow* v. *Gillott*, 123 Mass. 102 (lines drawn through two clauses of the will). *Sanderson* v. *Norcross*, 242 Mass. 43 (signature of testator scratched out and lines drawn through the names of witnesses). *Worcester Bank & Trust Co.* v. *Ellis*, 292 Mass. 88 (several clauses of will crossed out). *Batt* v. *Vittum*, 307 Mass. 488 (lines drawn through several clauses of will). We have not discovered any decision of this court where it has been held that a will may be cancelled by a writing, such as that under consideration, that does not touch the original words of the will. There is, however, a dictum in *Sanderson* v. *Norcross*, 242 Mass. 43, 45, that such a writing would not constitute a cancellation. In that case, as indicated above, the testator scratched out his signature and drew lines through the signatures of the witnesses; he also wrote on the margin of the will the following: "This will is void as I have made a later one — Otis L. Norcross." Rugg, C.J., said at pages 44–45: "The scratching out of the signature of the deceased and the drawing of the lines through those of the witnesses constitute a cancellation. The sentence written and signed on the margin but without witnesses would not constitute a revocation."

The decisions in other jurisdictions having statutes similar to ours are not uniform on this question. It has been held by some courts that a writing on a will similar to that in question constitutes a cancellation although none of the words of the will is defaced. *Warner* v. *Warner's Estate*, 37 Vt. 356. *Evans's Appeal*, 58 Penn. St. 238. But the prevailing view requires some defacement of the words of the will. *Dowling* v. *Gilliland*, 286 Ill. 530. *Thompson* v. *Royall*, 163 Va. 492. *Matter of Akers*, 74 App. Div. (N. Y.) 461. *Will of Ladd*, 60 Wis. 187. *Howard* v. *Hunter*, 115 Ga. 357.

We think this is the sounder rule, and, applying it to the case at bar, there was no "cancelling" within the meaning of the statute. Failing as a cancellation, the writing had no revocatory effect because it was not "signed, attested and subscribed in the same manner as a will" as required by the statute. *Sanderson* v. *Norcross*, 242 Mass. 43, 45. See also *Giles* v. *Giles*, 204 Mass. 383.

It follows that the decree entered in the court below must be reversed and a decree is to be entered allowing the instrument presented for probate.

*So ordered.*