**THOMPSON v. DOBBS et al.**

No. 15189.

Court of Civil Appeals of Texas. Fort Worth.

Nov. 17, 1950.

Rehearing Denied Dec. 15, 1950.

Phillips, Walker & Ludlum, Edwin T. Phillips, Jr., and Joe Day, Jr., all of Fort Worth, for appellant.

Clark & Craik, of Fort Worth, for appellees.

HALL, Justice.

Upon action of the probate court in refusing to probate a lost will of Josie Ann Dobbs, deceased, her daughter, appellant Marie Dobbs Thompson appealed her application to probate same to a district court of Tarrant County, Texas, to which the evidence was submitted and after hearing same the trial court denied probation. The testatrix' will was dated June 11, 1945; she died October 26, 1947. After her death a diligent search was made to find the will but it was not found.

Application to probate the will was contested by Mrs. Thompson's father, J. F. Dobbs; her sister, Gladys Dobbs Wiginton, joined pro forma by her husband; and her nephew, Bennie Powers, who are appellees.

This appeal is by appellant Marie Dobbs Thompson et vir., complaining first, the trial court erred in holding, as a matter of law, proponent had the burden of proving that testatrix had not revoked her will when same was last seen in the hands of another person, to-wit, the scrivener; sec-

ond, the trial court erred in its finding of fact No. 6 that the lost will was "accessible to the defendant at all times"; and third, that the will should have been admitted to probate because she met the burden of proving said lost will had not been revoked.

We gather from the court's findings of fact that the proposed lost will was duly executed in statutory form; that appellant Marie Dobbs Thompson was named therein as the sole beneficiary of testatrix' estate; that testatrix delivered the will to a Mr. Bridges for safe-keeping, who died in February, 1947; and that it was last seen in his possession. It is further readily seen from the trial court's findings that it refused to probate said will on the ground proponent had not overcome the presumption that the will had been revoked in accordance with section 5, Article 3348, R. C.S. as amended, Vernon's Ann. Civ. St., which is the basis for this appeal.

In support of the trial court's refusal to probate the will, it found as a matter of fact, among other things, the following:

"4. Arthur Bridges typed the will himself and made carbon copies of the same.

"5. After execution, the will was never seen again, and the carbon copies likewise could not be found.

"The will was left for safe keeping with Bridges. If it was left with Bridges, the testimony and other circumstances in evidence show that the instrument was accessible to the decedent at all times.

"7. The proponent offered no satisfactory proof tending to show that the will had not been revoked.

"8. The proponent offered no satisfactory proof tending to overcome the presumption of revocation which arises in such cases where a will is lost and is last seen in the possession of the maker or where accessible to the decedent." and as a matter of law it found the following:

"1. The proponent of the will has failed to discharge the burden of explaining the loss of the instrument sought to be probated.

"2. The proponent has failed to establish the continuity of the will, or the fact that it was not revoked during the lifetime of the testatrix.

"3. The proponent has failed to overcome the presumption of revocation, arising from the fact that such will was last seen in the possession of Mrs. Josie Ann Dobbs, or in a place where she had access to the same.

"4. The lost instrument must be denied probate for the reasons above stated."

The question for this court to decide is not whether the burden of proof was upon appellant to negative revocation by testatrix when the will was admittedly last seen in the hands of a third party, but the question for us to decide under the record in this case is: The will being in the hands of a third person, to-wit, the scrivener, should such fact be construed to mean the will when last seen was either in possession of testatrix or was accessible to her, so as to come under the prima facie presumption of the revocation rule.

Appellee defends the trial court's action upon the theory that the scrivener was the agent of testatrix and it must therefore be presumed she acquired the will from him and destroyed it. This point is decided against appellee in the case of White v. Brennan's Adm'r, 307 Ky. 776, 212 S.W.2d 299, 3 A.L.R.2d 943.

We have read the cases cited by both parties and many more and have come to the conclusion the trial court erred in holding said will was in possession of and/or accessible to the testatrix, under the facts in this case.

It is the general rule of law that when a will cannot be produced but its execution and contents are proved, as in this case, and when it is last seen in the possession of the testator, the presumption is that the testator or testatrix destroyed same with intent to revoke it; but the exception to this rule is equally as enforceable as the rule itself, that is, when a will is last seen in the possession of some person other than testator, unattended by any circumstance which would cast suspicion upon the will, no such presumption arises but the burden shifts to the contestant to prove re-

vocation. See Rape v. Cochran, Tex.Civ. App., 217 S.W. 250, writ refused; McElroy v. Phink, 97 Tex. 147, 76 S.W. 753, motion for rehearing overruled, 97 Tex. 147, 77 S.W. 1025; Aschenbeck v. Aschenbeck, Tex.Civ.App., 62 S.W.2d 326; Page on Wills, Lifetime Edition, Vol. 2, pp. 722-723, sec. 873; 57 Am.Jur., p. 378, sec. 549; 34 A.L.R. p. 1310.

■ It seems to us that the exception was created upon the general principle that if a will is lost while in the hands of another, it is presumed the person who had possession of the will lost it.

There is no testimony tending to cast suspicion upon the will. The proof shows appellant lived in the home of testatrix, waited on her during her sickness, and that she remained in the home until testatrix' death. The testimony further reveals that appellee J. F. Dobbs, father of appellant Marie Dobbs Thompson, ceased living with testatrix (appellant's mother) in the year 1925 and remained estranged to her.

■ As to whether a will remains in the possession of a testatrix or accessible to her is founded upon the particular facts of each case. Under the cases we have read, we find it would have been necessary in order for this will to have remained in the possession of testatrix or have been accessible to her, for her to have had free access to the office of the scrivener, together with a key to his office so she could have gone to and from said place of business at will; and that she knew where the will was located in his office. Such was not the proof of this case. To find that the will was accessible to her, without these pertinent facts tending to show possession and accessibility, is to place one presumption upon another.

Appellee relies upon the following cases to support the trial court's judgment, towit: Shepherd v. Stearns, Tex.Civ.App., 45 S.W.2d 246; Davis v. Roach, Tex.Civ. App., 138 S.W.2d 268, writ refused, correct judgment; Clover v. Clover, Tex.Civ.App., 224 S.W. 916; McIntosh v. Moore, 22 Tex. Civ.App. 22, 53 S.W. 611. These cases recite that the wills when last seen were in possession of testators and were accessible to them by same having been placed in lock boxes in banks, etc., which boxes were under the supervision of said testators. Such testimony as we have heretofore pointed out is lacking in the case at bar.

Appellees introduced testimony to the effect that as late as two or three weeks before testatrix' death she made a statement to the effect she had not made a will, as well as to rebut testimony admitting the will to probate. The trial court made no findings based upon appellant's rebuttal testimony.

Finding the trial court heard the evidence and rendered its judgment upon the wrong theory of law, the case is reversed and remanded for another trial.