WINIFRED L. ALLARD *vs.* EDWARD J. STEDMAN & others. February 7, 1968. The respondents appeal from a decree allowing an instrument dated April 15, 1955, as Helen A. Stedman's last will. She died June 18, 1965. The probate judge made a report of material facts. The reported evidence warranted his findings and conclusions. It could reasonably be found on the somewhat conflicting evidence that, when an elderly, retired schoolteacher, for whose property a conservator had been appointed in 1958, made marks (at some unascertained time or times prior to March 22, 1958) upon her 1955 will, she had no intention of revoking it in whole or in part, even if it be assumed that her deteriorating mental state in 1957 and 1958 was such (see Page, Wills [Bowe-Parker ed.] § 21.27) that she had capacity to form such an intent or to perform any testamentary act. See G. L. c. 191, § 8; *Yont* v. *Eads*, 317 Mass. 232, 233–235; *First Natl. Bank* v. *Briggs*, 329 Mass. 320, 322. See also *Putnam* v. *Neubrand*, 329 Mass. 453, 457–460. Cf. *Worcester Bank & Trust Co.* v. *Ellis*, 292 Mass. 88, 91–92 (on its facts, however, substantially unlike the present case; see pp. 89, 91, 93–94).                              *Decree affirmed.*

*Henry C. Gill* for Mary Frances Stedman Hughes & others.
*Jerome H. Fletcher* for Robert M. Fletcher, executor.
*Paul R. Mahinske*, of Michigan, for Ruth K. McNames & others.
*William H. O'Brien*, of Michigan, for John J. Long, Jr., & another.
*Ovide V. Fortier*, for Winifred L. Allard, submitted a brief.

---

DOUGLAS SMERDON, administrator, *vs.* ELEANOR P. FULLER. February 28, 1968. In this action of tort for wrongful death caused by the collision between a vehicle operated by the defendant and a vehicle in which the plaintiff's intestate was a passenger, the sole exception was to the denial of the defendant's motion for a directed verdict. The evidence is viewed in light most favorable to the plaintiff. From the conflicting testimony, the photographs and answers to interrogatories the inference was permissible that the defendant was operating her motor vehicle at a rate of speed which was excessive for the road conditions and that she was not reasonably vigilant for the presence of other vehicles on the public way, and warranted a finding of negligence which contributed to the collision. *Mazzaferro* v. *Dupuis*, 321 Mass. 718. The negligence of the operator of the vehicle in which the intestate was riding is not imputable to the intestate. *Bessey* v. *Salemme*, 302 Mass. 188, 210.
                                                                                 *Exceptions overruled.*

*Leo Michael Lazo* (*William H. Shaughnessy* with him) for the defendant.
*Douglas Smerdon*, administrator, pro se.