683 S.W.2d 741 (1984)
In re The ESTATE of Josephine Eva CAPLES.
Dr. Steven A. MARASOVICH, Appellant,
v.
O.C. CAPLES, Appellee.
No. 13-83-182-CV.
Court of Appeals of Texas, Corpus Christi.
November 8, 1984.
Rehearing Denied January 10, 1985.
*742 Preston Henrichson, Edinburg, Ricardo G. Cedillo, Thomas Crofts, Groce, Locke & Hebdon, San Antonio, for appellant.
John Lewis, Jones, Lewis & Pettitt, McAllen, for appellee.
Before NYE, C.J., and SEERDEN and GONZALEZ, JJ.

OPINION
SEERDEN, Justice.
This is a will contest. The deceased, Josephine Eva Caples, died without children on December 14, 1980. Her heirs at law included her husband, O.C. Caples, appellee herein, Steve Marasovich, a brother, appellant herein, as well as another brother and three sisters.
In the trial court, appellant offered for probate a copy of a will of the deceased, the original of which had been dated July 26, 1976. Appellant alleged that the original of the will was lost. Appellee contested the application to probate the "lost" will, and requested that he be appointed administrator of the estate.
Trial was to a jury and at the conclusion of the presentation of the case for the proponent of the will, a motion for instructed verdict was granted and the trial court entered judgment that the deceased died intestate. It is from this judgment that appellant brings this appeal.
In his second point of error, appellant contends that the trial court erred in directing a verdict in favor of appellee at the close of appellant's case. In considering this issue, we review the evidence in its most favorable light in support of appellant's position, disregarding all contrary evidence and inferences. Henderson v. Travelers Insurance Company, 544 S.W.2d 649 (Tex.1976).
If believed by the jury, the trial evidence was sufficient to demonstrate that the deceased had an excellent, loving relationship with her siblings and their families, but a very poor relationship, especially with regard to financial matters, with her husband, the appellee; that the deceased had made the will in question; that she knew the consequences of having no will; would not have been inclined to revoke her will or to die intestate; that she intended to provide for her niece and nephew upon her death; that she kept her will at her and appellee's home; that she had stated to her lawyer shortly before her last illness that she had the will.
In addition, there was evidence that when appellee learned from the deceased's attorney that he was to receive only three hundred dollars a month under her will, he stated to the attorney that he was not sure whether he could live on that amount of money and took a copy of the will to consult another lawyer. Other testimony showed that the deceased kept her important papers in her house; several witnesses testified, and appellee conceded, that much of the home was in disarray as a result of appellee's search for a will through the deceased's personal items. Finally, the jury was entitled to infer that appellee's intestate share was far more valuable than three hundred dollars per month.
We hold that the evidence created a fact issue as to whether the original of the deceased's will was lost or destroyed by appellee and that these issues should have been submitted to the jury for resolution.
We recognize the rule that when a will in the testator's possession cannot be produced after his death, the proponent of the will must assume the burden of proving that the testator did not destroy the will with an intention to revoke it. O'Brien v. *743 Stanzel, 603 S.W.2d 826 (Tex.1980); Mingo v. Mingo, 507 S.W.2d 310 (Tex.Civ.App. San Antonio 1974, writ ref'd n.r.e.). The "presumption that [the will] was revoked by the testator stands in the place of positive proof to that effect and he who seeks to establish the will assumes the burden of overcoming the presumption by producing facts and circumstances contrary thereto or that it was fraudulently destroyed by some other person." [Emphasis added]. Mingo, 507 at 312; Bailey v. Bailey, 171 S.W.2d 162 (Tex.Civ.App.Amarillo 1943, no writ). The presumption that the testator has destroyed his will with the intent to revoke it is not conclusive and thus may be rebutted; "[i]f rebuttal testimony is offered then a question of fact is presented for a court of jury." Cable v. Estate of Cable, 480 S.W.2d 820 (Tex.Civ.App.Fort Worth 1972, no writ); Sparkman v. Estate of Massey, 297 S.W.2d 308 (Tex.Civ.App. Dallas 1956, writ ref'd n.r.e.). Thus, when there is evidence both that the will existed and that it was surreptitiously withdrawn from the possession of the testator, the presumption of revocation may be repelled, and it is not permissible for the trial judge to peremptorily instruct the jury against such evidence. McClusky v. Owens, 255 S.W.2d 939 (Tex.Civ.App.Dallas 1953, writ ref'd n.r.e.); see also Davis v. Roach, 138 S.W.2d 268 (Tex.Civ.App.Austin 1940, writ dism'd, judgment corr.).
In the case before us, the evidence was sufficient to create a fact issue for the jury. Appellant's second point of error is sustained. We need not consider appellant's remaining points of error because the issues there presented are not controlling. TEX.R.CIV.P.ANN. 451 (Vernon Supp.1984). In addition, it is not anticipated that the matters raised by appellant's other points of error will arise at a re-trial of this case. The judgment of the trial court is REVERSED and the case is REMANDED for a new trial.
GONZALEZ, J., not participating.