NUMBER 13-99-279-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


____________________________________________________________________


ESTATE OF BONNIE LORRAINE COX PENNINGTON,

DECEASED

____________________________________________________________________


On appeal from the County Court at Law No. 1 

of Victoria County, Texas.

____________________________________________________________________


O P I N I O N



Before Justices Dorsey, Yañez, and Seerden(1) 


Opinion by Justice Yañez


 James Allred, Jr., appellant, filed an application to probate a copy
of the will of his deceased great-aunt, Bonnie Pennington. The
appellees, Pennington's daughters(2), contested the will. Appellees were
granted a "no evidence" summary judgment from which Allred now
appeals. We reverse and remand.

Background

 Bonnie Pennington executed a will on October 7, 1996, which
contained a clause stating that her daughters were not to inherit any of
her estate, "for reasons sufficient to me." The October 7 will leaves all
of Pennington's property and estate to her great-nephew, appellant
James Allred. Pennington passed away on June 5, 1998 and appellant
applied to probate a copy of the will on August 11, 1998. The original
will has never been produced. 

 Appellees filed an opposition to the application to probate the will. 
In their opposition, the appellees contended that Pennington revoked
her will by destroying it. The appellees also argued that the October 7
will revoked all previous wills; thus, by revoking it, Pennington died
intestate. After propounding requests for admissions, interrogatories,
and requests for production to the appellant and receiving appellant's
responses and answers, the appellees filed a motion for a no-evidence
summary judgment. Tex. R. Civ. P. 166a(i). In their motion, appellees
relied on the presumption recognized by Texas law that when a will
cannot be found at the time of the testator's death, and the testator
was the last person to be in possession of the will, the testator is
presumed to have revoked the will by destroying it. See In re the Estate
of Caples, 683 S.W.2d 741, 743 (Tex. App.--Corpus Christi 1984, writ
ref'd n.r.e.). Appellant filed a response to the summary judgment
motion, to which he attached four affidavits. Appellees objected to the
affidavits. At the summary judgment hearing, the trial court heard
arguments from both parties as to the admissibility of the affidavits. 
The trial court sustained appellees' objections to the evidence, then
granted summary judgment in favor of the appellees.

Appellant's Challenges

 Appellant challenges the summary judgment with three issues on
appeal. With his first issue, appellant argues that there was a question
of fact that precluded summary judgment. With his second issue,
appellant argues that the trial court erred in sustaining appellees'
objections to appellant's summary judgment evidence and in his third
issue, appellant contends that the trial court erred in holding that
Pennington had died intestate. Because the first issue is largely
dependent upon the second issue, we will begin by addressing
appellant's second issue.

 Appellant's second issue contains the following two arguments:
(1) appellees failed to preserve their objections to appellant's summary
judgment evidence; and (2) appellees' objections should have been
overruled by the trial court. Appellant first argues that the appellees
failed to obtain a written ruling on their objections to the affidavits
submitted by appellant to counter the no-evidence summary judgment. 
Appellant contends that because appellees failed to obtain written
rulings on their objections, they have waived those complaints on
appeal and we must accept the affidavits as evidence. We disagree.

Preservation of the Objections to the Affidavits for Appeal

 This Court has held that "a party objecting to the competency of
summary judgment proof must obtain a ruling on its objection or obtain
a written order signed by the trial judge and entered of record, or the
objection is waived and the proof remains a part of the summary
judgment record." Castillo v. Tropical Tex. Ctr. for Mental Health and
Mental Retardation, 962 S.W.2d 622, 625 (Tex. App.--Corpus Christi
1997, no pet.)(italics added); Bauer v. Jasso, 946 S.W.2d 552, 556
(Tex. App.--Corpus Christi 1997, no writ); see also Tex. R. App. P.
33.1(a) (to present a complaint for appellate review, the record must
show that a complaint was made to the trial court by a timely request,
objection, or motion and the trial court implicitly or expressly ruled on
the request, objection, or motion). In the present case, the trial court
held a hearing, considered arguments offered by both parties, then
stated that it sustained appellees' objections. This constitutes a ruling
sufficient to preserve this issue on appeal.

 The second argument raised by appellant in this issue is that the
trial court erred by sustaining appellees' objections to the four affidavits
attached to appellant's response to the summary judgment motion.

The Affidavits

 The standards for determining the admissibility of evidence in a
summary judgment proceeding are the same as those applied in a trial. 
United Blood Servs. v. Longoria, 938 S.W.2d 29, 30 (Tex. 1997). 
Decisions about the admissibility of evidence are left to the sound
discretion of the trial court. Owens-Corning Fiberglas Corp. v. Malone,
972 S.W.2d 35, 43 (Tex. 1998); Gee v. Liberty Mut. Fire Ins. Co., 765
S.W.2d 394, 396 (Tex. 1989); Pegasus Energy Corp. v. Cheyenne
Petroleum Co., 3 S.W.3d 112, 133 (Tex. App.--Corpus Christi 1999, pet.
denied). A trial court abuses its discretion when it acts without regard
for any guiding rules or principles. City of Brownsville v. Alvarado, 897
S.W.2d 750, 754 (Tex. 1995). 

 Affidavits are statements "in writing of a fact or facts signed by
the party making it, sworn to before an officer authorized to administer
oaths, and officially certified to by the officer under his seal of office." 
Tex. Gov't. Code Ann. § 312.011 (Vernon 1998). No particular
terminology is required to render a document an affidavit; "it is the
substance and not the form of an affidavit that is important." Norcross
v. Conoco, Inc., 720 S.W.2d 627, 630 (Tex. App.--San Antonio 1986, no
writ). An affidavit must reflect that it was made on personal
knowledge. Huckin v. Connor, 928 S.W.2d 180, 183 (Tex. App.--Houston [14th Dist.] 1996, writ denied).

 The affidavits at issue in this case are those of appellant,
appellant's stepfather, John Nelson; Pennington's neighbor, Howard
West; and Pennington's attorney, M. P. Eaves. All four of the affidavits
state that to the "knowledge and belief" of the respective affiant,
Pennington never revoked the will. Appellees argued that the
statements that Pennington never revoked the will are conclusory and,
therefore, are not competent summary judgment evidence. We find
that the statements do constitute conclusions; revocation is a legal term
referring to the process by which a testator may negate a will. See Tex.
Prob. Code Ann. § 63 (Vernon 1980) (setting out methods by which a
written will may be revoked).

 Conclusory assertions are not competent summary judgment
evidence. Brownlee v. Brownlee, 665 S.W.2d 111, 112 (Tex. 1984);
Cox v. Galena Park Indep. Sch. Dist., 895 S.W.2d 745, 748 (Tex. App.--Corpus Christi 1995, no writ). The section of each affidavit containing
the conclusion that the will was never revoked was properly excluded. 
However, an affidavit containing conclusions may also contain
admissible statements. See Marshall v. Sackett, 907 S.W.2d 925, 933
(Tex. App.--Houston [1st Dist.] 1995, no writ) (an affidavit containing
conclusory and subjective determinations of fact may support a motion
for summary judgment if the remaining statements contain sufficient
factual information to sustain the movant's burden of proof).

 Appellees further argued, at trial and on appeal, that the affidavits
are fatally flawed in that they fail to demonstrate that they are made on
the personal knowledge of the affiant. Affidavits must demonstrate that
they are made on the personal knowledge of the affiant. Bauer, 946
S.W.2d at 557. This Court has held that an affidavit is sufficient when,
taken in its entirety, the affidavit demonstrates that it was made on the
personal knowledge of the affiant. Id. Appellee argue that the affidavits
in the case now before this Court differ from those in Bauer because
they expressly qualify the state of the affiants' knowledge. We
disagree. The affidavits taken as a whole demonstrate that they are
made on the personal knowledge of the affiants. The qualifying phrase
"knowledge and belief," refers only to the conclusion that the will was
never revoked. This phrase does not apply to the remainder of the
statements contained in the affidavits.

 Although the statements about revocation were inadmissible, we
will consider each of the affidavits individually to determine if they
contained other evidence which was admissible.

The Eaves Affidavit

 M.P. Eaves drafted the October 7 will, and served as Pennington's
attorney. Beyond the conclusory statement that the will was not
revoked, Eaves's affidavit contains a description of the October 7 will,
and statements concerning the formalities observed in the course of
executing the will. The affidavit also includes the statement that after
the will was executed, Eaves "saw Mrs. Pennington many times, in and
out of [his] office and she never mentioned the will again." Appellees
objected to this statement as irrelevant and hearsay. 

 Hearsay is defined as "a statement, other than one made by the
declarant while testifying at the trial or hearing, offered in evidence to
prove the truth of the matter asserted." Tex. R. Evid. 801(d). The rules
of evidence define "statement" as verbal expression, or nonverbal
conduct of a person if it is intended by the person as a substitute for
verbal expression. Tex. R. Evid. 801(a). Pennington's nonverbal
conduct, in not mentioning the will to her attorney, is not nonverbal
conduct intended as a substitute for verbal expression. Eaves'
statement is not hearsay. We now consider appellees' argument that
this evidence is not relevant.

 Relevant evidence is evidence that tends to make the existence of
a consequential fact more or less probable. Tex. R. Evid. 401. Irrelevant
evidence is inadmissible. Tex. R. Evid. 402. The fact that Pennington
never mentioned her will to her attorney after executing it on October
7, tends to support the conclusion that she had no intention of revoking
her will; when Pennington had the October 7 will drafted, it included a
clause revoking all previous wills. We find this statement relevant and
the trial court erred in excluding it.

The West Affidavit

 Howard West was Pennington's neighbor and rented an
apartment from her. West stated, in his affidavit, that Pennington told
him on several occasions that she did not want any part of her estate
to pass to her daughters. This statement is hearsay and, therefore,
inadmissible. Tex. R. Evid. 801(d), 802. West also stated that
Pennington offered to show him the will on several occasions to show
him that the daughters were excluded from the will. This is an out-of-court statement offered for the truth of the statement, and therefore,
constitutes hearsay. Tex. R. Evid. 801(d). However, the affidavit also
states that the appellees did not visit Pennington during the year prior
to her death. Evidence that the deceased had a poor relationship with
a person claiming revocation of a will was revoked is relevant to the
question of revocation, if that person stands to take more under
intestacy than she would under the challenged will. See Caples, 683
S.W.2d at 742 (poor relationship between decedent and intestate
claimant considered along with other evidence). This evidence is
relevant and admissible.

The Nelson Affidavit

 John Nelson, the appellant's step-father, also submitted an
affidavit. The only statement in the affidavit to which the appellees
objected was the statement that, to Nelson's knowledge, Pennington
never revoked her will.(3) Appellees did not object to the remaining
statements in the affidavit. We have already held that this statement is
conclusory; however, without objections, there were no reasons for the
trial court to exclude the remaining parts of the affidavit. The affidavit
includes a statement made by one of the appellees, Bennie Salerno in
which she acknowledges that the Pennington was leaving everything
to appellant. This statement was not challenged by appellees, and is
an admission by party opponent, which would be admissible. See Tex
R. Evid. 801(e)(2)(A). This statement is also relevant, because it would
show that at least one of the appellees was aware that she would
receive nothing under the will. See Caples, 683 S.W.2d at 742 (factors
considered in case involving presumption of destruction included
intestate heir's awareness that intestate portion of estate was more
valuable than the portion granted under the will). This statement
should have been admitted in evidence, as it is not subject to any
legitimate evidentiary objections.

The Allred Affidavit

 Appellant also offered his own affidavit to oppose the summary
judgment. Appellees challenged most of the statements in the affidavit
as either hearsay, irrelevant, or both. One statement made by appellant
is similar to the statement contained in the Eaves affidavit, that after
executing the October 7 will, Pennington never spoke about her will. 
As discussed above, this statement is relevant and is not hearsay. The
trial court erred in excluding this statement. The remaining portions of
this affidavit to which appellees objected were correctly excluded.

The Admissibility of the Affidavits

 All of the affidavits include impermissible conclusory statements
to the effect that Pennington did not revoke her will. However,
although the affidavits contain some inadmissible statements, they also
contain admissible evidence that should have been considered by the
trial court. The trial court erred in sustaining all of the appellees'
objections, and should have excluded only the inadmissible portions of
the affidavits in ruling on appellees' no-evidence summary judgment
motion. Issue number two is sustained.

 We next address appellant's first issue, in which appellant argues
that he raised an issue of material fact sufficient to preclude the
granting of appellees' no-evidence summary judgment motion.

The No-Evidence Summary Judgment Standard

 No-evidence summary judgments are equivalent to pretrial
directed verdicts; therefore the granting of a no-evidence summary
judgment is reviewed under the same legal sufficiency standard applied
in reviewing directed verdicts. Zapata v. The Children's Clinic, 997
S.W.2d 745, 747 (Tex. App.--Corpus Christi 1999, pet. denied); Moore
v. Kmart Corp., 981 S.W.2d 266, 269 (Tex. App.--San Antonio 1998,
pet. denied); Moritz v. Bueche, 980 S.W.2d 849, 853 (Tex. App.--San
Antonio 1998, pet. denied). We review the evidence in the light most
favorable to the party against whom the summary judgment was
rendered, disregarding all contrary evidence and inferences. Merrell
Dow Pharm., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997); Whalen
v. Condominium Consulting and Mgmt. Servs. Inc., 13 S.W.3d 444, 446
(Tex. App.--Corpus Christi 2000, pet. denied); Zapata, 997 S.W.2d at
747. A no-evidence summary judgment is improper if the respondent
brings forth more than a scintilla of probative evidence to raise a
genuine issue of material fact. Havner, 953 S.W.2d at 711; Zapata, 997
S.W.2d at 747. 

 Less than a scintilla of evidence exists when the evidence is so
weak as to do no more than create a mere surmise or suspicion of a
fact. Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983); 
Zapata, 997 S.W.2d at 747. More than a scintilla of evidence exists
when the evidence rises to a level that would enable reasonable and
fair-minded people to differ in their conclusions. Havner, 953 S.W.2d
at 711; Zapata, 997 S.W.2d at 747.

Application of the Standard

 When a will in the testator's possession cannot be produced after
her death, the proponent of the will must prove that the testator did not
destroy the will with an intention to revoke it. Caples, 683 S.W.2d at
742. The proponent of the will can overcome the presumption by
producing evidence of facts and circumstances contrary to the
presumption. Appellees argued in their motion for summary judgment
that appellant could not produce any evidence that Pennington had not
destroyed the October 7 will.

 The evidence before the court, viewed in the light most favorable
to appellant is that Pennington did not have a good relationship with
the appellees. The will made it clear that, at the time she executed it,
Pennington did not intend to leave any of her estate to the appellees. 
The fact that the will includes a specific revocation clause indicates that
Pennington was aware of the effects of revocation. At least one of the
appellees knew that, if the will was probated, she would inherit
nothing. According to the Nelson affidavit, when Pennington went into
the hospital, one of the appellees suggested that appellant should
manage Pennington's property. Appellees did not visit Pennington and
had a poor relationship with her. Only a few days before Pennington
passed away, one of the appellees told appellant's stepfather that
Pennington was leaving everything to appellant and his children.

 In the instant case, we find that the appellant produced enough
evidence of facts and circumstances contrary to the presumption to
raise an issue of genuine fact as to the application of the presumption. 
Appellant has raised a fact question sufficient to overcome a no-evidence summary judgment. The trial court erred in granting the
appellees' summary judgment motion and in decreeing that Pennington
died intestate. There are fact issues precluding this judgment. Issue
number one is sustained. Because this issue if dispositive, we do not
address the appellant's third issue on appeal. Tex R. App. 47.1. 

 We REVERSE the judgment of the trial court and REMAND this
case to the trial court for further proceedings consistent with this
opinion.


 
 

 LINDA REYNA YAÑEZ

 Justice


Do not publish. Tex. R. App. P. 47.3.


Opinion delivered and filed this the

19th day of April, 2001.

1. Retired Chief Justice Robert J. Seerden assigned to this Court by the Chief
Justice of the Supreme Court of Texas pursuant to TEX. GOV'T CODE ANN.§ 74.003
(Vernon 1998).
2. Bennie Salerno and Stella Hodgkinson.
3. This is also the only objection to Nelson's affidavit raised on appeal.